## Case No. 18,156.

YOUNG et al. v. CUSHING et al.

[4 Biss. 456.] [1]

Circuit Court, N. D. Illinois.   July, 1865.

DECREE—PERSONS NOT PARTIES.

1. This court will not make a decree the execution of which would affect the right of a party not before it, or throw a cloud upon his title.

[Cited in Beasley v. Shively, 20 Or. 508, 26 Pac. 847.]

2. If such absent party is a necessary party for a final decree, the bill should be dismissed without prejudice.

[Cited in Beasley v. Shively, 20 Or. 508, 26 Pac. 847.]

In equity.

DRUMMOND, District Judge. The facts, so far as they are material to the decision of the questions in this case, are substantially these: A man by the name of Adams was indebted to the plaintiffs in the sum of about $1,800. Cushing, one of the defendants, was indebted to Adams in the sum of about $1,600, and to secure a note given for the indebtedness Cushing had executed a mortgage or deed of trust on the property in controversy. The plaintiffs demanding some kind of security from Adams, he transferred to them as collateral security the note of Cushing to him, and the mortgage or deed of trust. The note was indorsed in blank. No assignment was made upon the mortgage or deed of trust. It was simply turned over to the agent of the plaintiffs. The mortgage or deed of trust of Cushing to Adams was upon the record and he appeared to be the owner of the property as mortgagee. Adams was financially involved, suits were pressing against him in this court, and among the judgments recovered was one in favor of one Edgerton. The note of Cushing to Adams not having been paid at maturity, Cushing transferred his equity of redemption to Adams.

Adams seems to have acted in bad faith toward the plaintiffs. He should not have taken the assignment of the equity of redemption, but it should have been made to the plaintiffs or to their agent for their benefit, but a deed of the equity of redemption of the interest of Cushing was, in fact, made to Adams, and the indebtedness of Cushing to Adams was considered as at an end. In other words, by the transfer of the equity of redemption Cushing extinguished, or intended to extinguish, the note of $1,600 which he owed to Adams, but which in fact was in the hands of the agent of plaintiffs.

There would have been no trouble in this matter if there had not been rights of third parties intervening, as judgment creditors. This assignment of the equity of redemption was made by Cushing to Adams after a levy was made under the judgment of Edgerton, but before a sale of the property covered by

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the deed of trust or mortgage, as the property of Adams the mortgagee, and after the transfer of the equity of redemption Adams was, of course, upon the record, apparently the sole owner of all the interest.

Mr. Strain of La Salle, as the attorney of the plaintiffs, held the note and deed of trust of Cushing. They were not given up, however. After this, proceedings took place in a suit against Edgerton (he being of the opinion that the security which he had for the plaintiffs was gone in consequence of the non-recording of any assignment from Adams to the plaintiffs). Arrangements were made by which security was obtained for the indebtedness. A quarter section of land in the military tract was turned over to him, and consequently, when Adams could not make the payment of the note to the plaintiffs, a deed was made to one of the plaintiffs.

The question is, whether, upon this bill filed to foreclose substantially this mortgage or deed of trust on the part of the plaintiffs, obtained by virtue of this transfer to them or to their agent, the court can make a decree without the presence of Edgerton and without affecting his interest. Edgerton was originally made a party. Afterward the suit was dismissed as to him, and it is now sought to obtain a decree by which their rights may be enforced without affecting the rights of Edgerton.

It is claimed that Adams has refused to execute the trust. He held the property as a trustee of the assignee, and it is insisted that he should enforce the trust by sale of the property, and not being willing to do it, that he should be removed from the position and another appointed, and that the trustee be directed to go on and sell the property and to leave Edgerton with whatever legal or equitable rights he may have under his judgment and sale. If the court could do this upon principles of equity there would be no objection, but I do not think that it can be done.

It was not necessary to come into this court with this case. The party might have gone into the state court, and he might have brought in all the parties who are non-residents, and a decree have been rendered. Edgerton being a non-resident and there being no way by which we can bring him into court by publication, he not voluntarily appearing, of course we can make no decree affecting his interest which would be binding upon him. Neither can we properly make any decree in this court in which he is not a party which would affect his interests. If this court should go on and remove Mr. Adams, and appoint another trustee, and direct the property to be sold, and he should sell it and a deed should be made to the purchaser, would it not affect the interest of Mr. Edgerton? Certainly. It would, to say the least, throw a cloud upon his title, and raise a controversy at once in the mind of any one who was called upon to investigate his title as to where the title actually was. He holds by virtue of a purchase under the judg-

ment and execution against Adams the mortgagee of the property. Now, by our law the rights of mortgagees can be sold as well as of mortgagors. On the record Adams was the owner as mortgagee of the property. The judgment creditors had a right to sell that interest, whatever it might be. It was sold and he became the purchaser. Now we cannot make any decree which will affect his interest without making him a party. He is not a party, and cannot, without service or appearance, be made a party in this court. Therefore, the bill will have to be dismissed, but without prejudice.