## RIDGE v. MANKER et al.

### (Circuit Court of Appeals, Eighth Circuit. September 5, 1904.)

### No. 1,987.

1. APPEAL—MATTERS OUTSIDE OF RECORD—GROUNDS FOR CONSIDERING.

An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court, when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceedings, to preserve a jurisdiction lawfully acquired or to protect itself from imposition or further prosecution of litigation where the controversy between the parties has been settled or for other reasons has ceased to exist.

2. COURTS—JURISDICTION.

A state court of general jurisdiction having original cognizance of causes at law and in equity has jurisdiction of the subject-matter of a suit to cancel a mortgage on real property within its territorial jurisdiction.

3. SUITS AGAINST RECEIVERS—EFFECT OF FAILURE TO OBTAIN LEAVE TO SUE.

Aside from statutory exceptions, a suit cannot be maintained against a receiver in another court without the permission of the court by which he was appointed, but a decree against the receiver of another court is not a nullity which may be so declared in a collateral proceeding merely because the record fails to show affirmatively that such permission to bring the suit was obtained.

4. SAME—JURISDICTION—CONCLUSIVENESS OF JUDGMENT.

A suit to cancel a mortgage was brought in a state court to which receivers of the mortgagee appointed by a court of another jurisdiction were made defendants. They appeared without objection, and answered to the merits, and also asked affirmative relief. The cause was tried on the merits, and from an adverse decree they appealed. Subsequently their action was reported to the federal court of which they were receivers, and their account for expenses and counsel fees in the suit was allowed and paid. *Held*, that the state court acquired jurisdiction of the receivers, and its decree, affirmed on the appeal by the Supreme Court of the state, was conclusive upon them.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

The Phœnix Loan Association, a corporation organized under the laws of Missouri, and having its domicile at the city of St. Joseph, in that state, became insolvent, and ceased the transaction of active business. The state supervisor of building and loan associations proceeded against the corporation, and on July 15, 1889, it was adjudged to be dissolved by an order of the judge of a state court in St. Joseph, its officers were enjoined from further managing or conducting its affairs, receivers of its property were appointed, and its business was directed to be wound up. This order was signed by the judge in vacation, and upon that ground its validity was attacked by proceedings in the Supreme Court of Missouri, with the result that the order was annulled, excepting so far as it related to the appointment of the receivers and committed to them the possession, care, custody, and collection of the property of the association and the protection thereof from attack, as to which matters the order was confirmed. State v. Phœnix Loan Association, 159 Mo. 102, 60 S. W. 74; State v. Woodson, 161 Mo. 446, 61 S. W. 252. After the appointment of the receivers by the judge of the Missouri state court, a stockholders suit was instituted in the Circuit Court of the United States for the Western District of Missouri for the winding up of the insolvent institution, and an order of that court was made appointing the same receivers. Thereupon the state court, which had charge of the property of the corporation, relinquished its jurisdiction and custody, and surrendered the property to the receivers of the federal court. These receiv-

ers afterwards resigned, and Ransom N. Ridge was by the same court appointed as their successor. Afterwards ancillary proceedings were instituted in the Circuit Court of the United States for the Southern District of Iowa for the ultimate purpose of subjecting certain property there located to the operation of the decree of the parent jurisdiction. Ridge was appointed ancillary receiver in Iowa. Shortly thereafter, and on September 10, 1902, Ridge, as receiver, exhibited his bill to the Circuit Court of the United States for the Southern District of Iowa against George F. Manker and other borrowing members of the association to enforce the adjusted equities between them and the insolvent corporation of which they were stockholders, and for the foreclosure of mortgages upon real property in Iowa given by them as security for loans which they had procured. A plea in bar was filed by Manker and the other appellees in this court. Upon consideration of the pleadings and certain admitted facts that court entered a decree dismissing the complainant's bill, from which decree the appeal now before us was taken. The case of Manker is typical of that of each of the other appellees, and what is said herein and the conclusion reached will apply with equal force to all.

The undisputed facts presented to the court below are as follows: Shortly after the appointment of the receivers by the judge of the Missouri state court, Manker instituted a suit in the district court of Taylor county, Iowa, against the Phœnix Association and the Missouri receivers to obtain a cancellation of the mortgage which he had executed to the association upon real property in that county. He alleged that deceit and fraud had been practiced upon him; that the mortgage and other instruments connected therewith were devices to evade the usury laws of the state; that usury had been exacted of him; and that the mortgage indebtedness had been fully paid. The association and the receivers appeared in the suit, and contested Manker's charges upon the merits. In their joint pleading they also embodied a cross-petition and sought the foreclosure of the mortgage which Manker was seeking to have canceled. The cause was tried upon its merits. The district court found that Manker's contentions were true, and that the Phœnix corporation was not in truth a building and loan association. A decree was rendered that the mortgage given by Manker be canceled upon the records. It does not appear in the pleadings or in the decree of that court that any leave to sue the Missouri receivers had ever been obtained or asked for. Nor does it appear that there was any objection on the part of the receivers to the jurisdiction of the Iowa court upon that or any other ground. The mortgage so canceled is the same mortgage involved in the appeal now before us. A few months after the decree of cancellation was rendered, the association and the receivers, who had just received their appointment from the Circuit Court of the United States for the Western District of Missouri, and who had theretofore acted under the order of the judge of the state court, perfected their appeal from such decree to the Supreme Court of Iowa. In that court the decree of cancellation was contested by the receivers upon three grounds: First, upon the merits; second, that the court below was without jurisdiction of the subject-matter; and, third, that it was without jurisdiction of the receivers because leave to sue them had not been procured from the Missouri court. While this appeal was pending and undetermined, the federal court in Missouri allowed and ordered paid to the receivers their expenses in connection with the Manker suit in the Iowa district court and in the appellate proceedings in the Supreme Court, and also allowed and ordered paid the fees and expenses of attorneys and others who had rendered services therein. The fees and expenses were accordingly paid. And while the appeal from Manker's decree was pending and undetermined in the Supreme Court of Iowa the following occurred: Ransom N. Ridge succeeded the other Missouri receivers, and was also appointed ancillary receiver in Iowa. He instituted his suit for the forclosure of the same mortgage in the Circuit Court of the United States for the Southern District of Iowa. He was defeated, and perfected the appeal now before us. While this appeal was pending before this court, the Supreme Court of Iowa rendered its decision affirming the judgment of the lower court against the association, and reversing it as to the receivers. It held that the procurement of leave to sue the receivers of another court was a jurisdictional matter, which must

affirmatively appear of record. Manker v. Phœnix Loan Association of St. Joseph (Iowa) 96 N. W. 982. At the hearing before this court the appellant, Ridge, as receiver, tendered authentic evidence of the action of the Supreme Court of Iowa, and asked that the same be made a part of the record on this appeal. At the same time it was shown that the Supreme Court of Iowa had granted a rehearing. Since the argument and the submission of the cause in this court it has also transpired that upon the rehearing and reconsideration of the cause pending in the Supreme Court of Iowa that court has affirmed the decree of the lower state court as to the receivers.

Three questions were presented at the hearing of this appeal: (1) Should the record, as completed and filed in this court, be opened for admission of evidence of what has transpired since the appeal from the decree of the court below? In view of the decision of the Supreme Court of Iowa upon the rehearing, this question has ceased to be of appreciable importance. (2) Had the Iowa district court jurisdiction of the subject-matter of Manker's suit for the cancellation of the mortgage given by him? (3) Had that court jurisdiction of the Missouri receivers in the absence of an order granting leave to sue them?

Vinton Pike (Stanley W. Swabey, on the brief), for appellant.

G. B. Haddock (J. M. Haddock and Paul S. Haddock, on the brief), for appellees.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceeding, to preserve a jurisdiction lawfully acquired, or to protect itself from imposition or further prosecution of litigation where the controversy between the parties has been settled, or for other reasons has ceased to exist. Chamberlain v. Cleveland, 1 Black, 419, 17 L. Ed. 93; Lord v. Veazie, 8 How. 251, 12 L. Ed. 1067; Wood Paper Co. v. Heft, 8 Wall. 333, 19 L. Ed. 379; Board of Liquidation v. Railroad Co., 109 U. S. 221, 3 Sup. Ct. 144, 27 L. Ed. 916; Dakota v. Glidden, 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981; Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. 620, 33 L. Ed. 1016; Washington and Idaho Railroad Co. v. Coeur D'Alene R. & N. Co., 160 U. S. 101, 16 Sup. Ct. 239, 40 L. Ed. 355; Bryar v. Campbell, 177 U. S. 649, 20 Sup. Ct. 794, 44 L. Ed. 926. This doctrine was applied by this court in Ransom v. City of Pierre, 101 Fed. 665, 41 C. C. A. 585, a case which presented features similar to the one at bar. Manker sought a cancellation of the mortgage. The association and the receivers appeared, and sought its foreclosure. The decree was for cancellation. The Iowa state court in which the suit was brought was a court of general jurisdiction, having original cognizance of causes at law and in equity. It is clear that the facts set forth in Manker's petition and the relief desired comprised a subject-matter of litigation well within the judicial province of that court. The character of the case presented is the determining factor, and not whether the conclusions of the court upon the evidence were rightfully reached or otherwise. Did the Iowa state court have jurisdiction of the Missouri receivers? A receiver is an officer of the court appointing him. He is its immediate representative in the custody and adminis-

tration of the property of which it has taken possession. His custody is the custody of the court. A suit against him is a suit against the receivership, and, except as authorized by statute, if instituted without permission of the court, is an unwarranted interference with the exercise of its exclusive jurisdiction. A court having lawfully acquired the possession of property through the appointment of a receiver may reserve to itself the determination of all questions affecting it and pertinent to the proper administration thereof, or it may permit such questions to be judicially settled in other tribunals. Passing the statutory exceptions, no suit can be elsewhere maintained against the receiver without the permission of the court from which he derives his authority. Davis v. Gray, 16 Wall. 203, 217, 21 L. Ed. 447; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; McNulta v. Lockridge, 141 U. S. 327, 332, 12 Sup. Ct. 11, 35 L. Ed. 796; Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Farmers' Loan & Trust Co. v. Railroad Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667.

In view of these well-settled principles the appellant contends that it was essential to the jurisdiction of the Iowa court, whose decree of cancellation was pleaded in bar, that its record show affirmatively the procurement of permission to sue the receivers. In effect, the contention is that a decree against the receivers of another court is a nullity in the absence of an affirmative recital that leave to sue them was obtained, and that it may be so declared in a collateral proceeding. The rule is otherwise. McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463. This is not a case in which receivers, sued without leave, refrained from entering an appearance and making a defense. The record before us shows that they voluntarily appeared in the Iowa court, defended upon the merits, and invoked the jurisdiction of the court for affirmative relief. No objection to the jurisdiction appears, and, under the circumstances, the presumption is a natural one that none was made. Upon their appeal to the Supreme Court of the state they for the first time claimed their immunity from suit, but while doing so still contested upon the merits. And then the Missouri court from which they derived their authority allowed their expenses in both courts, and the expenses and fees of their counsel, and ordered them paid. The conviction is unavoidable that these official acts of the receivers were known to the court appointing them; that their course was acquiesced in and approved, and found ultimate judicial confirmation in the passing of their accounts and the accounts of their counsel. That highest degree of courtesy and good faith which should mark the relations between courts of different jurisdictions, and which is so essential to the orderly administration of justice, would not be observed if it were now held, after all the things were done which appear in the record to have been done, that the Iowa court had not acquired jurisdiction of the receivers.

The district court of Taylor county, Iowa, having cognizance of the subject-matter of Manker's suit, and under the special facts appearing in the record having jurisdiction of the defendants, its decree of cancellation of the mortgage was properly pleaded in bar in the court below.

The decree of the Circuit Court is affirmed.