EATON et al. v. HOGE et al.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1905.)

No. 2,282.

COURTS—JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.

In a suit by the several owners of water rights in a stream, joining as complainants for convenience only, to enjoin the obstruction of the stream or the diversion of water therefrom by defendants, the matter in dispute must exceed $2,000, exclusive of interest and costs, as to each complainant, to give a federal court jurisdiction.

[Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

Appeal from the Circuit Court of the United States for the District of Colorado.

For opinion below, see 135 Fed. 411.

James W. McCreery, for appellants.

Nellis E. Corthell, for appellees.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

CARLAND, District Judge. Appellees commenced this action against the appellants in the court below for the purpose of restraining and enjoining appellants from setting up or asserting any claim, estate, or interest in and to the waters of Sand creek, or any part thereof, as against the appellees or any of them, and from obstructing and diverting, or in any manner interfering with, the natural flow of the waters of said creek. Appellees are citizens of the state of Wyoming. Appellants are citizens of the state of Colorado. The issue in said action was as to the validity of the water rights on Sand creek claimed by appellees, and as to their priority over the water rights claimed by appellants on said creek. The trial court, after a hearing upon pleadings and proofs, entered a final decree in behalf of appellees, enjoining and restraining appellants from setting up or asserting any claim, estate, or interest in or to the waters of Sand creek, or to any part thereof, as against the appellees or any of them, and from obstructing and diverting, or in any manner interfering with, the natural flow of the waters of said creek. It is alleged in the bill filed by appellees that they are owners of certain water rights along Sand creek, in the state of Wyoming, and the particular ditches through which each of the appellees received their water from said creek are mentioned and described, as well as the land which said water is used to irrigate. No one of the appellees has any interest whatever in the water right claimed, ditches used, or land irrigated by the other. They have a general interest in the principle to be established by the litigation, but the relief to be granted to each appellee is separate and independent from that to be granted any other appellee. The bill alleged that the matter in dispute exceeded, exclusive of interest and costs, the sum of $2,000. This allegation is denied by the answer of appellees. There is no allegation in

the bill as to the value of the matter in dispute in regard to the water right of each individual appellee. There is no competent or relevant testimony in the record as to the value of the matter in dispute, so far as the individual water right of any appellee is concerned. It is not claimed that appellants sought to appropriate or appropriated any of the waters of Sand creek prior to May, 1902. Testimony was introduced tending to show the flow of water in said creek from the year 1890 down to the date of filing of the bill in this case, which was November 8, 1902. Mr. Hoge when on the stand was asked the question:

"Q. During the time you have been acquainted with Sand creek from 1890, has there been sufficient supply of water flowing in the stream during the irrigating season to fulfill the needs of irrigation along that stream; these plaintiffs including yourself?

"A. I think not.

"Q. What has been the state of the supply of the water during the irrigating season in these years?

"A. Some years we have an abundance of water for irrigating through May and up to the middle of June. I have always irrigated up to even the 20th of July when I have the water. Some years I don't have any water."

Mr. Hoge also testified as to the average crop of hay on his place. Without any evidence in the record as to how much, if any, damage resulted to the crops of appellee by the taking of water out of Sand creek by appellants, Mr. Hoge was asked this question:

"Q. Could you make any estimate of the damage that would ensue on the deprivation of that water to these plaintiffs?

"A. It would be a very large amount extending into many thousands of dollars. The loss would be many thousands of dollars each year.

"Q. Would it be more than $2,000 each year?

"A. Yes; it would."

Counsel for appellants moved, when this testimony was offered, to strike out the last two questions on the ground that they were irrelevant and incompetent, and that no proper foundation for them had been laid, and because the answer called for was entirely speculative and not based on facts. This motion should have been granted for the reason that there was no evidence that the water taken by appellants out of Sand creek subsequent to May, 1902, caused the damage concerning which Mr. Hoge was testifying, and for the further and much better reasons that the action was not brought by appellees to recover any damages, and the evidence sought to be adduced was wholly irrelevant and incompetent upon the issue as to the value of the matter in dispute, whether the value of the matter in dispute was the combined interest of appellees or the interest of each individual appellee. The matter in dispute in this case is the individual water right of each appellee as affected by the relief prayed for. There is no competent evidence in the record upon this proposition. Smith v. Adams, 130 U. S. 175, 9 Sup. Ct. 566, 32 L. Ed. 895. Notwithstanding the question of jurisdiction was not raised by any assignment of error, we are compelled, by Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], whenever it shall appear that a case before us does not really and substantially involve a dispute or controversy within our jurisdiction, to dis-

miss the suit. Minnesota v. Northern Securities Co., 194 U. S. 65, 24 Sup. Ct. 598, 48 L. Ed. 870; Steigleder v. McQuesten, 198 U. S. 141, 25 Sup. Ct. 616, 49 L. Ed. 986. Whether the jurisdiction of the court is dependent upon the citizenship of the parties, or whether the case is one arising under the Constitution and laws of the United States, the matter in dispute, exclusive of interest and costs, must exceed $2,000. U. S. v. Sayward, 160 U. S. 493, 16 Sup. Ct. 371, 40 L. Ed. 508; Act March 3, 1887, c. 373, § 7, 24 Stat. 555; Act Aug. 13, 1888, c. 866, 25 Stat. 437 [U. S. Comp. St. 1901, p. 579].

The rule relative to the value of the matter in dispute is thus stated by Mr. Justice Bradley in Clay v. Field, 138 U. S. 464, 479, 11 Sup. Ct. 425, 34 L. Ed. 1044:

"The general principle observed in all is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone."

In this case the interests of appellees are distinct, and they are joined in the suit for the sake of convenience only. Therefore the matter in dispute must exceed $2,000, exclusive of interest and costs as to each appellee. This rule is well settled and established by the following decisions of the Supreme Court of the United States: Water v. Northeastern Railway Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Northern Pacific Railway Co. v. Walker, 148 U. S. 391, 13 Sup. Ct. 650, 37 L. Ed. 494; Fishback v. Western Union Telegraph Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630; Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451; Chamberlin v. Browning, 177 U. S. 605, 20 Sup. Ct. 820, 44 L. Ed. 906; North American Transportation & Trading Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061; Wheless v. St. Louis et al., 180 U. S. 379, 21 Sup. Ct. 402, 45 L. Ed. 583.

Upon the face of the record the Circuit Court was without jurisdiction, but as, perhaps, by amendment the bill might be retained as to some or all of the appellees, we will not direct its dismissal, but will reverse the decree of the Circuit Court at the costs of the appellees, and remand the cause to that court for further proceedings in conformity with this opinion; and it is so ordered. Act March 3, 1891, c. 517, § 10, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]; Northern Pacific Railway Co. v. Walker, 148 U. S. 391, 13 Sup. Ct. 650, 37 L. Ed. 494.