## FRANZ et al. v. BUDER.

(Circuit Court of Appeals, Eighth Circuit. January 26, 1926. On Motion to Modify Opinion, March 6, 1926.)

### No. 7019.

**I. Trusts ☰☰305, 366(3)—Owner of life estate in personalty and other remaindermen held indispensable parties to remainderman's suit to establish interest therein.**

Owner of life estate in personalty, consisting largely of corporate stock, which had been placed in hands of trustees to manage, and all other remaindermen or their heirs, *held* indispensable parties to suit by one of remaindermen against one of trustees for an accounting and to establish an interest in stock dividends received by trustee.

**2. Trusts ☰☰366(3)—Trustee of personalty cannot be said to represent as defendant, in remainderman's suit other remaindermen who are indispensable parties.**

Trustee, in whose hands owner of life interest had placed personalty consisting largely of corporate stock cannot be said to represent as defendant, in suit by remainderman for an accounting and to establish an interest in stock dividends, other remaindermen who are indispensable parties.

**3. Parties ☰☰29.**

Nonresidence will not excuse failure to join an indispensable party.

**4. Process ☰☰87—Nonresident remaindermen, indispensable parties to another's suit to establish interest in personalty, may be joined by constructive service (Judicial Code, §§ 51, 57 [Comp. St. §§ 1033, 1039]).**

Nonresident remaindermen, having interest in personalty held by trustees under agreement with life tenant, who are indispensable parties to another remainderman's suit against trustee to establish an interest in such property, may be joined by constructive service under Judicial Code, §§ 51, 57 (Comp. St. §§ 1033, 1039).

**5. Process ☰☰86—Corporate stock is personalty, within meaning of statute relating to constructive service in suits to enforce claim to personalty (Judicial Code, § 57 [Comp. St. § 1039]).**

Shares of stock in a corporation are personal property, within meaning of Judicial Code, § 57 (Comp. St. § 1039), relating to constructive service in suit to enforce lien or claim to real or personal property.

**6. Trusts ☰☰366(3)—All trustees of personalty, though one was nonresident of district, should be joined in remainderman's suit to establish an interest therein (Judicial Code, §§ 51, 57 [Comp. St. §§ 1033, 1039]).**

Where owner of life interest in personalty placed it in hands of two trustees to manage, both trustees should be joined in remainderman's suit to establish interest in such property, though one was a nonresident of the district and had to be served under Judicial Code, §§ 51, 57 (Comp. St. §§ 1033, 1039).

**7. Judgment ☰☰197.**

Decree dismissing suit after hearing on merits for want of indispensable parties should show that it is without prejudice.

On Motion to Modify Opinion and Decree.

**8. Appeal and error. ☰☰1178(7).**

On affirmance of a decree dismissing a bill for want of indispensable parties, cause may be remanded, in order that defect may be cured by amendment.

**9. Courts ☰☰493(3)—State court, in which suit was brought to construe will, as affecting rights of legatees and remaindermen under trust agreement executed by life tenant, held not to have acquired exclusive jurisdiction of trust estate.**

Circuit court of state in which suit was brought to construe will, as affecting rights and interests of legatees and remaindermen under a trust agreement executed by owner of life estate in all property of deceased, *held* not to have acquired exclusive jurisdiction and control of trust estate, barring a subsequent action in federal court by remaindermen against trustee, for an accounting and to establish an interest in property in hands of trustee.

**10. Courts ☰☰268—Action to establish interest in corporate stock in hands of trustee held to involve property within district, and to be so far an action in rem as to give court jurisdiction (Judicial Code, § 57 [Comp. St. § 1039]).**

Action by remainderman under will against one of trustees of property of deceased, under agreement executed by life tenant for an accounting and to establish an interest in certain corporate stock dividends received by trustee, a resident of the district, *held* to involve personal property within the district, and to be so far in the nature of an action in rem as to confer jurisdiction, under Judicial Code, § 57 (Comp. St. § 1039).

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit by Ehrhardt W. Franz and others against Gustavus A. Buder, in which the Mississippi Valley Trust Company intervened. From a decree dismissing the bill, plaintiffs appeal. Remanded with directions.

S. Mayner Wallace, of St. Louis, Mo. (Allen McReynolds, of Carthage, Mo., Thomas M. Pierce, Samuel H. Liberman, A. Holt Roudebush, all of St. Louis, Mo., and John

B. Hollister, of Cincinnati, Ohio, on the brief), for appellants.

G. A. Buder, Jr., and Oscar E. Buder, both of St. Louis, Mo. (A. W. Wenger, of St. Louis, Mo., on the brief), for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal from a decree dismissing the bill in a suit in equity brought by Ehrhardt W. Franz (hereinafter called plaintiff) against Gustavus A. Buder (hereinafter called defendant).

The facts pertinent to the inquiry here are these:

Ehrhardt D. Franz died on February 7, 1898, leaving a last will and testament by which he gave all of his property, real and personal, to his wife, Sophie Franz, for life, with remainder over to his ten children in equal shares. The will was duly probated and the estate administered in the probate court of the city of St. Louis. Thereafter Sophie Franz, the executrix under the will, filed her final report as such executrix and was discharged. Thereafter, by trust agreement executed January 30, 1909, Sophie Franz transferred and conveyed certain stocks, bonds, notes, mortgages, deeds of trust, obligations, and securities (part of which belonged to the estate of Ehrhardt D. Franz, deceased, and part to Sophie Franz individually) to G. A. Franz and G. A. Buder, as trustees, to hold the same during the life of Sophie Franz. The trust agreement empowered such trustees to collect the income and profits from such property, and directed them, out of such income and profits, to pay to Sophie Franz the sum of $4,000 per annum, and from the balance remaining to pay to each of the nine children then living the sum of $2,500 per annum, and to the guardian of the children of Minna F. Klein-schmidt, a deceased child, the sum of $2,500 per annum. It further provided that, in the event of the death of a child or grandchild, such payments should thereafter be paid to his or her heirs.

Thereafter the plaintiff, a son of Ehrhardt D. Franz, deceased, brought an action in the circuit court for the city of St. Louis, Missouri, against the other beneficiaries under the will, and against G. A. Buder. On June 16, 1910, a decree was entered in that suit, in which, among other things, it was found that, by said trust agreement, Sophie Franz intended to convey and did convey to said trustees merely a life estate for and dur-ing the period of her life in such of the property derived by her from the estate of her deceased husband as was still on hand on January 30, 1909, and intended to convey and did convey to them absolutely only such property as she owned outright; that the plaintiff and defendants in that suit had rati-fied the trust agreement by the acceptance of the benefits thereof; that the trustees had full and complete power and authority to col-lect the income from all of the property con-veyed to them by said trust agreement and to distribute the same in accordance with the terms thereof; that Sophie Franz intended to provide and did provide in such trust agree-ment that, upon her death, such of the assets as were derived by her from the estate of her deceased husband and in which she had but a life estate and interest, and which might then be in the hands of the trustees, should be di-vided between the beneficiaries named in the will, their heirs or assigns, in accordance with the terms and provisions of such will; and that the property then in the hands of the trustees not so derived by her, and in which she had the sole and absolute title on Janu-ary 30, 1909, should be divided and distribut-ed in accordance with her last will and testa-ment, or, if she should die intestate, under the statutes of descent and distribution of the state of Missouri. The decree adjudged that the parties to the suit had ratified the trust agreement, that the trustees should give a bond in the sum of $100,000 for the faithful performance of the trust, and that on the death of Sophie Franz the property of the estate then in the hands of the trustees should be distributed in accordance with the above finding.

Among the assets of the estate of Ehr-hardt D. Franz were 210 shares of the capital stock of the American Arithmometer Compa-ny. The Burroughs Adding Machine Com-pany, after the death of Ehrhardt D. Franz, acquired the assets and became the successor of the Arithmometer Company. At the time of the signing of the trust agreement, the shares in the Arithmometer Company had been increased by a stock dividend to 420 shares. These 420 shares were transferred to the trustees by the trust agreement. When the Adding Machine Company was organiz-ed, it issued in lieu of the 420 shares of the Arithmometer Company 4,200 shares of the Adding Machine Company. These have been increased since by stock dividends to 15,750 shares.

On March 5, 1924, the plaintiff brought this suit in equity against G. A. Buder. In his bill of complaint he alleged the death of

Ehrhardt D. Franz, the probating of the will, the terms of the will, the making of the trust agreement, and the decree of the circuit court of the city of St. Louis. He further alleged that, from the date of the trust agreement, the trustees therein named had had exclusive possession, management, and control of the property in which he and the other children of Ehrhardt D. Franz, deceased, held an estate in remainder; that the shares of stock of the Adding Machine Company had been increased by stock dividends until they aggregated 15,750 shares; that the value of the property belonging to the estate of Ehrhardt D. Franz, deceased, in the hands of the trustees, was approximately $3,000,000; that he had demanded of the trustees information concerning, and an account of, the present nature, condition, extent, and value of the various properties; that the trustees had refused to furnish such information or account; and that the trustees wrongfully asserted and contended that plaintiff no longer had or owned any remainder interest in such properties.

Plaintiff prayed that the defendant be required to make full disclosure and discovery of the nature, condition, extent, and value of the various properties, and to render a true account concerning the same, that plaintiff's vested remainder interest in and to one-tenth of the properties be adjudged and quieted, and that defendant be required to give adequate security for the protection of the present value of said remainder interest.

The Mississippi Valley Trust Company, as the administrator of the estates of Walter G. Franz and Ernst H. Franz, two of the children who had died since the death of their father, filed intervening petitions, setting up substantially the same facts and praying the same relief as plaintiff, and asked in addition that the defendant be restrained and enjoined from making or attempting to make any distribution or division of the capital assets or corpus of the estate of Ehrhardt D. Franz, deceased, until such disclosure and discovery had been made and such account rendered, and the vested remainder interest in all of said properties had been adjudged and quieted.

The defendant by his answer set up, among other things, that the stock dividends belonged to the life tenant, and that the interest in remainder of the plaintiff had been released and discharged by payments and advances made to him by Sophie Franz.

The trial court dismissed the bill, on the ground that there was an absence of indispensable parties.

The rules regarding parties to suits in equity in the national courts were stated by this court in Sioux City Terminal R. & Warehouse Co. et al. v. Trust Co. of North America (C. C. A. 8) 82 F. 124, 126, 27 C. C. A. 73, 75; 19 S. Ct. 341, 173 U. S. 99, 43 L. Ed. 628, as follows:

"The general rule in chancery is that all those whose presence is necessary to a determination of the entire controversy must be, and all those who have no interest in the litigation between the immediate parties, but who have an interest in the subject-matter of the litigation, which may be conveniently settled therein, may be, made parties to it. The former are termed the necessary, and the latter the proper, parties to the suit. The limitation of the jurisdiction of the federal courts by the citizenship of the parties, and the inability of those courts to bring in parties beyond their jurisdiction by publication, has resulted in a modification of this rule, and a practical division of the possible parties to suits in equity in those courts into indispensable parties and proper parties. An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree between the parties before the court cannot be made without affecting his interests, or leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Every other party who has any interest in the controversy or the subject-matter which is separable from the interest of the parties before the court, so that it will not be immediately affected by a decree which does complete justice between them, is a proper party. Every indispensable party must be brought into court, or the suit will be dismissed. The complainant may join every proper party, and he must join every proper party who would have been a necessary party under the old chancery rule, unless his joinder would oust the jurisdiction of the court as to the parties before it, or unless he is incapable of being made a party by reason of his absence from the jurisdiction of the court or otherwise. If, however, such a party is incapable of being made a party, or if his joinder would oust the jurisdiction of the court as to the parties before it, the suit may proceed without him, and the decree will not affect his interests."

In Barney v. Baltimore City, 6 Wall. (73 U. S.) 280, 284 (18 L. Ed. 825), the Supreme Court said:

"And there is a third class, whose interests in the subject-matter of the suit, and in the relief sought, are so bound up with that

of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed."

See, also, Shields et al. v. Barrow, 17 How. (58 U. S.) 130, 139, 15 L. Ed. 158; Williams v. Bankhead, 19 Wall. (86 U. S.) 563, 571, 22 L. Ed. 184; Kendig v. Dean, 97 U. S. 423, 425, 24 L. Ed. 1061; California v. Southern Pacific Co., 15 S. Ct. 591, 157 U. S. 229, 249–256, 39 L. Ed. 683; Young v. Cushing, 4 Biss. 456, 30 Fed. Cas. 844, No. 18156; Commonwealth Trust Co. of Pittsburgh v. Smith et al. (C. C. A. 9) 273 F. 1, 6, 45 S. Ct. 26, 266 U. S. 152, 69 L. Ed. 219; Chadbourne et al. v. Coe (C. C. A. 8) 51 F. 479, 2 C. C. A. 327; Donovan v. Campion et al. (C. C. A. 8) 85 F. 71, 29 C. C. A. 30; Rogers et al. v. Penobscot Mining Co. et al. (C. C. A. 8) 154 F. 606, 83 C. C. A. 308; Fienup v. Kleinman et al. (C. C. A. 8) 5 F. (2d) 137, 140; Minnesota v. Northern Securities Co., 22 S. Ct. 308, 184 U. S. 199, 235, 46 L. Ed. 499.

[1] The bill in the instant case sought to determine and quiet the remainder interest of the plaintiff, and to secure an accounting concerning the property in the hands of the trustees to which this interest attached and security for the protection of the same. The answer denied the then existence of any remainder interest in the plaintiff. Before there could be an accounting concerning the property, it would be essential to determine whether or not the plaintiff still owned a remainder, and, if so, the property to which it attached. Such determination likewise would be necessary before the court could decide the amount of any security to be required. Therefore, at the very threshold of the case the court would have to determine as between the owner of the life estate, and the owners of the remainder, whether or not the stock dividends belonged to corpus or to income, and whether or not the remainder interests had been discharged by payments and advances made by Sophie Franz. We fail to see how any possible decree could be framed granting any part of the relief prayed for without a determination of those issues. It follows that Sophie Franz, who is the owner of the life estate, and the living children and heirs of deceased children, who are the alleged owners of nine-tenths of the remainder estate, are indispensable parties, because they have such an interest in the subject-matter of this controversy that, without directly affecting their interests, a final decree could not be rendered between the present parties to the suit.

[2] Counsel for plaintiff say that, if such persons were indispensable parties, then that they sufficiently appeared by representation through G. A. Buder as trustee. A sufficient answer to this contention is that the conflict here is between the several beneficiaries under the trust agreement, and that Buder, as trustee, cannot appear in his representative capacity in favor of some of the beneficiaries, and against the others, when his duty is to all.

[3, 4] Counsel for plaintiff say to hold that such persons were indispensable parties will leave him wholly without a remedy in the premises, for the reason that they are not residents either of the state of Missouri or the state of Kansas where plaintiff resides. Such a result would not excuse the failure to join an indispensable party, but in our opinion no such result follows.

Section 51 of the Judicial Code (U. S. Comp. St. § 1033) provides:

" * * * Except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 57 of the Judicial Code (U. S. Comp. St. § 1039) is one of the six succeeding sections. It provides:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks."

[5] Shares of stock in a corporation are per-

sonal property within the meaning of section 57, supra. Beal et al. v. Carpenter (C. C. A. 8) 235 F. 273; Blake et al. v. Foreman Bros. Banking Co. et al. (D. C. Ill.) 218 F. 264; Merritt et al. v. American Steel-Barge Co. (C. C. A. 8) 79 F. 228, 24 C. C. A. 530; Direction Der Disconto-Gesellschaft v. U. S. Steel Corporation et al. (D. C. N. Y.) 300 F. 741, 746; 45 S. Ct. 207, 267 U. S. 22, 69 L. Ed. 495; Jellenik v. Huron Copper Mining Co., 20 S. Ct. 559, 177 U. S. 1, 44 L. Ed. 647. This being primarily a suit to establish plaintiff's remainder interest in the property held by the trustees under the deed of trust and located, we assume, in the city of St. Louis, Mo., the other necessary parties, who are nonresidents of the state of Missouri, could be brought in by constructive service. Of course, no personal decree could be made against them, unless they appeared in the suit, but the title to the remainder could be established and determined and the property identified and protected.

[6] Since the determination and adjudication of the several interests in the trust property as between the owner of the life estate and the owners of the remainder will directly affect the administration and distribution of the trust estate by the trustees, both trustees should be made parties defendant. The nonresident trustee may be served in accordance with the provisions of section 57 of the Judicial Code, supra. Unless he appears in the suit, no personal decree can be rendered against him, but the adjudication of the title will be binding upon him as such trustee.

[7] The decree below was rendered after a full hearing upon the merits. To avoid any possibility of the claim that such decree is a bar to another suit, we think the decree of dismissal should have expressly stated that it was without prejudice to any other suit on the merits. See Goodman v. Niblack, 102 U. S. 556, 563, 26 L. Ed. 229; Kendig v. Dean, 97 U. S. 423, 426, 24 L. Ed. 1061; House v. Mullen, 22 Wall. (89 U. S.) 42, 47, 22 L. Ed. 838.

It is so modified, and, as modified, affirmed.

On Motion to Modify Opinion and Decree.

PER CURIAM. [8] The appellants represent to the court that they desire to amend and to continue the prosecution of this cause in the District Court for the Eastern District of Missouri rather than to institute a new suit, and move that the opinion and decree herein be modified, so as to direct that this cause be remanded to the District Court for such further proceedings. The decree below dismissed the bill because of absence of necessary and indispensable parties. By our former opinion that decree was affirmed, with the modification that it should be expressly stated that the dismissal was without prejudice to any other suit on the merits. That in the interest of justice it might have been remanded, in order that the defect of parties might be cured by amendment, is recognized on principle throughout the circuits. Eaton et al. v. Hoge et al. (Eighth Circuit) 141 F. 64, 72 C. C. A. 74, 5 Ann. Cas. 487; St. Claire Foundry Co. v. Union Jack Co. et al. (Seventh Circuit) 184 F. 989, 106 C. C. A. 667; Hubbard et al. v. Manhattan Trust Co. (Second Circuit) 87 F. 51, 30 C. C. A. 520; Van Doren v. Pennsylvania R. Co. (Third Circuit) 93 F. 260, 35 C. C. A. 282; Hunt et al. v. Howes et al. (Fifth Circuit) 74 F. 657, 21 C. C. A. 356.

[9] The motion is opposed by appellee mainly upon the theory that it is a fundamental maxim that equity acts in personam, and that this litigation is in personam rather than in rem. It is further urged that in a former suit in the circuit court of the city of St. Louis that court exercised and acquired jurisdiction and control over the property of the trust estate, and that such jurisdiction and control is still retained. To this we cannot accede. That court was asked to, and did, construe the will of E. D. Franz, deceased, and the rights and interests of the legatees and remaindermen therein named, more specifically upon the point of whether such interests became contingent or vested at the death of the testator. The decree of the court went no farther than that, except incidentally to confirm the trustees as such. Further jurisdiction was neither invited nor retained. The question here presented is an entirely different one. As stated in our opinion:

"The bill in the instant case sought to determine and quiet the remainder interest of the plaintiff, and to secure an accounting concerning the property in the hands of the trustees to which this interest attached, and security for the protection of the same. The answer denied the then existence of any remainder interest in the plaintiff. Before there could be an accounting concerning the property, it would be essential to determine whether or not the plaintiff still owned a remainder, and, if so, the property to which it attached. * * * Therefore at the very threshold of the case the court would have to determine, as between the owner of the life estate and the owners of the remainder, whether or not the stock dividends belonged

to corpus or to income, and whether or not the remainder interests had been discharged by payments and advances made by Sophie Franz."

The question here is not, as in the former case in the state court, what proportionate interests, and whether vested or contingent, were devised to the several legatees and remaindermen therein named, but whether, as denied by appellee, any such interest still existed. This suit concerns the title to and ownership of certain specific property alleged to be in the hands of the trustees in the city of St. Louis, and within the jurisdiction of the district court, and involves the potential necessity of assuming control of that property for the purpose of enforcing any decree that may be rendered, and of preventing any disposition of the property that may impair the efficacy of that decree. The suit in the state court was primarily for the construction of the will of E. D. Franz; that construction is not here in controversy. It cannot successfully be maintained that a court which is called upon to construe a will thereby draws to itself exclusive jurisdiction and control over the administration of the devised estate.

The conditions under which exclusive jurisdiction may be lodged in a court in equity, whether state or national, is well stated by Judge Hook, speaking for this court in McKinney et al. v. Landon et al., 209 F. 300–306, 126 C. C. A. 226, and the power of such a court to prevent a miscarriage of justice, to avoid a useless circuity of proceeding, and to preserve a jurisdiction lawfully acquired, is further announced by this court in Ridge v. Manker, 132 F. 599–601, 67 C. C. A. 596, and by the Supreme Court in Kline et al. v. Burke Construction Co., 43 S. Ct. 79, 260 U. S. 226, 67 L. Ed. 226, 24 A. L. R. 1077. Further citations upon these points would be superfluous.

[10] The main question raised in opposition to this motion is whether there is personal property in the Eastern district of Missouri, and whether this suit is so far in the nature of an action in rem as to confer jurisdiction under section 57 of the Judicial Code? This court, in its original opinion, held that shares of stock in a corporation are personal property within the meaning of that section, and cited numerous decisions in support of that holding. We said:

"This being primarily a suit to establish plaintiff's remainder interest in the property held by the trustees under the deed of trust and located, we assume, in the city of St. Louis, Mo., the other necessary parties, who are nonresidents of the state of Missouri, could be brought in by constructive service. Of course, no personal decree could be made against them, unless they appeared in the suit; but the title to the remainder could be established and determined and the property identified and protected."

It was further pointed out that "the determination and adjudication of the several interests in the trust property, as between the owner of the life estate and the owners of the remainder, will directly affect the administration and distribution of the trust estate by the trustees."

That certificates of corporate stock are personal property within the meaning of section 57, and subject to execution and sale in the jurisdiction in which they may be found, is expressly held in Yazoo & Mississippi Valley R. R. Co. v. City of Clarksdale, 42 S. Ct. 27, 257 U. S. 10–22, 66 L. Ed. 104. Necessarily, then, this action must be in the nature of an action in rem; otherwise, there could, of course, be no jurisdiction acquired under section 57 of the Judicial Code by constructive or substituted service. A suit to quiet title is in rem, or at least quasi in rem. 32 Cyc. 1346, and cases cited. A proceeding to obtain a decree of distribution, and this is of the same nature, is analogous in its character to a proceeding in rem. 18 Cyc. 642, and cases cited.

In Arndt v. Griggs, 10 S. Ct. 557, 134 U. S. 316, 33 L. Ed. 918, it was said: "A bill for the specific execution of a contract to convey real estate is not strictly a proceeding in rem, in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service or process, it is substantially of that character." To the same effect, see Porter Land & Water Co. v. Baskin (C. C.) 43 F. 323–328, and Freeman v. Alderson, 7 S. Ct. 165, 119 U. S. 185–187, 30 L. Ed. 372.

In Jellenik v. Huron Copper Mining Co., 20 S. Ct. 559, 177 U. S. 1, 44 L. Ed. 647, it was held that a suit brought in the state in which the corporation was organized could be maintained by substituted service upon the owners of certificates of stock without that jurisdiction. It did not hold that it might not also be brought within the jurisdiction where the certificates were held, where the purpose was to test the ownership of such certificates. In Direction, etc., Gesellschaft v. United States Steel Corporation (D. C.) 300 F. 741–746, Judge Hand construes the holding in Jellenik v. Huron Copper Mining Co., supra, and we think correctly. That case presented a state of facts as to venue very

similar to those in the case at bar. It was affirmed by the Supreme Court (45 S. Ct. 207, 267 U. S. 22, 69 L. Ed. 495), and it follows ' necessarily that the views of Judge Hand were approved. The court cited with approval its former decision in Yazoo & Miss. Valley R. R. Co. v. City of Clarksdale, 42 S. Ct. 27, 257 U. S. 10, 66 L. Ed. 104. It also distinguished Baker v Baker, Eccles & Co., 37 S. Ct. 152, 242 U. S. 394, 61 L. Ed. 386. That case was a suit directly against the corporation to compel it to issue certificates of stock to a Tennessee widow upon the basis of a judgment in her favor in Tennessee. The court held that the Tennessee court had jurisdiction to adjudge the domicile of the decedent for the mere purpose of appointing an administratrix, but did not have the power to proceed to a settlement and distribution of that portion of the estate located in Kentucky, by whose courts a different conclusion had been reached.

The holding in the Baker Case is founded upon the rule announced in Thormann v. Frame, 20 S. Ct. 446, 176 U. S. 350, 44 L. Ed. 500, which holds that "the bare appointment of an executor or administrator of a deceased person by the courts of one state cannot be held, on principle or authority, to foreclose inquiry as to the domicile of the deceased in the courts of another state," and upon the decision in Overby v. Gordon, 20 S. Ct. 603, 608, 177 U. S. 214–227 (44 L. Ed. 741) which held that, while the De Kalb county court possessed the power to determine the question of the domicile of the decedent for the purpose of conclusively adjudicating the validity within the state of Georgia of a grant of letters of administration, "it did not possess the power to conclusively bind all the world as to the fact of domicile, by a mere finding of such a fact in a proceeding in rem." In its opinion in 45 S. Ct. 207, 208, 267 U. S. 22–29 (69 L. Ed. 495) supra, the Supreme Court said: "There is no conflict in matter of fact or matter of law between the United States and England and therefore Baker v. Baker, Eccles & Co. [37 S. Ct. 152] 242 U. S. 394 [61 L. Ed. 386], does not apply."

So in the case before us there is no conflict between the sovereignties or courts of Michigan and Missouri. The corporation itself is not interested. The property involved of all the interested parties is in St. Louis; that was the undisputed domicile of the decedent; the uncontested right of administration is there being exercised; there final distribution will be made by common consent, agreement, and authority of law. Under such circumstances all the rights of the parties here involved can there be settled and determined. For this purpose, by reason of facts conferring jurisdiction under section 57 of the Judicial Code, the national court stands in the same position as a court of the state. There can be, in our judgment, no conflict, and no justification for refusing to give full faith and credit to any judgment or decree that may be there entered.

It is urged in the motion under consideration that the procedure therein suggested and required will be more convenient to the court, the parties, and their solicitors, less expensive, and presumably more expeditious. No reason is perceived why appellants should be put to the circuity and added expense of filing a new suit, when the present action may be made to serve as well. The motion of appellants is sustained, and the opinion and decree thereunder is modified accordingly. The case is remanded to the District Court with directions to permit appellants, within 30 days from the entering of the modified decree herein, to amend their bill by supplying such parties as are indispensable to their action, and in such other particulars as may be necessary to confer jurisdiction, and thereafter to proceed to a determination of the case in conformity with the views expressed in the opinions of this court. Should appellants fail so to amend their bill within the time prescribed, or within such further time as the District Court may in its discretion grant for good cause shown, then the case should be dismissed in accordance with the view expressed in our original opinion.

It is so ordered.