DIRECTION DER DISCONTO-GESELLSCHAFT *v.*
UNITED STATES STEEL CORPORATION, PUB-
LIC TRUSTEE, EGREMONT JOHN MILLS, ET
AL.

BANK FÜR HANDEL UND INDUSTRIE *v.* UNITED
STATES STEEL CORPORATION, PUBLIC TRUS-
TEE, ENGLISH ASSOCIATION OF AMERICAN
BOND AND SHAREHOLDERS, LTD., ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 676 and 677. Argued January 9, 1925.—Decided January 26,
1925.

1. Certificates of shares in a New Jersey corporation, endorsed in
blank and owned and held by German corporations, were seized

in London during the late war by the Public Trustee, a corporation sole appointed under the English law to be custodian of enemy property. *Held* that the ownership of the paper was dependent upon the law of the place where it was at the time, viz., England, and, as the things done in England transferred the title to the certificates to the Public Trustee by English law and as, by the law of New Jersey and the law of England, the owner of such certificates may write a name in the blank endorsement and thus entitle the nominee to obtain registration on the books of the corporation and issuance of new certificates to himself, the Trustee was entitled to pursue this cause as against the German corporations, there being no assertion of power by the United States to the contrary. P. 28.

2. Consequently, a decree of the District Court recognizing this right and directing the New Jersey corporation to issue new certificates to such nominee on surrender of the old ones properly endorsed did not deprive the German corporations of property without due process of law. *Id.*

300 Fed. 741, affirmed.

APPEALS from two decrees of the District Court in suits brought by the appellant German corporations to establish their titles to shares of stock of the Steel Corporation, the certificates for which, endorsed in blank, were seized at London during the War and passed to the Public Trustee of England, as custodian of alien property. The defendants were the Steel Corporation, the Public Trustee, and stockholders of record who disclaimed interest. The title to the shares, with the right to registration, and accrued dividends, was adjudged to be in the Public Trustee.

Mr. *John Weld Peck* and Mr. *John Wilson Brown, III,* with whom Mr. *Alfred K. Nippert* was on the briefs, for appellants.

Our entire case is based on the proposition that a seizure of certificates in Great Britain does not constitute a seizure of the shares of the New Jersey corporation represented thereby. *Chicago Rock Island Co.* v. *Sturm,* 174 U. S. 710.

The basis of jurisdiction is actual power and its existence must be determined by close adhesion to the actual facts.

The question here is not as to where fictions of convenience have, from time to time, thrown shares for purpose of taxation, administration and the like.

The question is: Where can power be exerted so as actually, irrevocably and effectively to subject all that there is of a share of stock to that power? The answer is, obviously: Where the corporation is and there only.

Jurisdiction of property, separate from its owner, can be acquired and exerted only when, and to the extent, that such property is actually within the territorial jurisdiction. *Pennoyer* v. *Neff*, 95 U. S. 714; *Boswell* v. *Otis*, 9 How. 336; *Cooper* v. *Reynolds*, 10 Wall. 308; *McElmoyle* v. *Cohen*, 13 Pet. 312; *D'Arcy* v. *Ketchum*, 11 How. 165; *Thompson* v. *Whitman*, 18 Wall. 457; *McDonald* v. *Maybee*, 243 U. S. 90; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194.

A seizure of shares of stock, to be effective, must be real and actual as opposed to anything constructive. *Miller* v. *United States*, 11 Wall. 268; *Phoenix Bank* v. *Risley*, 111 U. S. 125; *Chase* v. *Wetzlar*, 225 U. S. 79.

Since a share of stock is intangible, incorporeal (*Miller* v. *Kaliwerke*, 283 Fed. 746), and in the nature of a chose in action (*Jellenik* v. *Huron Copper Co.*, 177 U. S. 1), it is fundamentally incapable of manucaption. Yet it is clear that in the absence of statute one in position to compel the issuing corporation may, by compulsion, derive all the fruits of any particular shareholder's rights, and neither the shareholder nor any other not having power to compel the corporation can oust from that position of advantage. Therefore it seems further clear that it is only at the corporate domicile that a seizure of a share, in any sense real and actual, can be made.

Shares similar to those in suit have such existence at the corporate domicile as to found jurisdiction *in rem*, and may be levied upon, attached, and garnished by service on the corporation, although the certificate, its holder, and its owner be outside the jurisdiction. *Jellenik* v. *Huron Copper Mining Company*, 177 U. S. 1; *Hudson Navigation Company* v. *Murray*, 223 Fed. 466; *Schultz* v. *Diehl*, 217 U. S. 594; 54 Fed. 896; *Ashley* v. *Quintard*, 90 Fed. 84; *Einstein* v. *Georgia Southern Ry. Co.*, 120 Fed. 1008; *Gundry* v. *Reakirt*, 173 Fed. 167; *Shaw* v. *Goebel Brewing Company*, 202 Fed. 408; *Gideon* v. *Representative Securities Corporation*, 232 Fed. 185; *Harvey* v. *Harvey*, 290 Fed. 653; *Andrews* v. *Guayaquil Ry.*, 69 N. J. Eq. 211, (affirmed) 71 N. J. Eq., 768; *Sohege* v. *Singer Mfg. Co.*, 73 N. J. Eq., 567; *Amparo Mining Co.* v. *Fidelity Trust Co.*, 75 N. J. Eq., 555.

The *Jellenik* decision has been applied and strictly followed by the federal courts in determining the validity of the seizure of shares of stock by the Alien Property Custodian of the United States under the provisions of the Trading with the Enemy Act. *Columbia Brewing Co.* v. *Miller*, 281 Fed. 289; *Garvan* v. *Marconi Wireless Co.*, 275 Fed. 486; See particularly *Miller* v. *Kaliwerke, etc.*, 283 Fed. 746.

Shares cannot be captured except at some domicile of the corporation where transfer can be enforced. The presence of endorsed certificates beyond such domicile is not enough. *Baker* v. *Baker*, 242 U. S. 394; *Ashley* v. *Quintard*, 90 Fed. 84.

The English cases and writers upon international law sustain this view. Dicey Digest of Law of England; *The Attorney General* v. *The New York Breweries Co.*, 1 Q. B. (1898), 205; *Attorney General* v. *Bouwens, 4 Meeson & Welsby*, 171–191; *Stern* v. *The Queen*, 1 Q. B. (1896) 211; *Winans* v. *The King*, 1 K. B. (1908), 1022; *New York Life Insurance Co.* v. *Public Trustee*, 40 Times L. R. 430; *Cassidy* v. *Ellahorst*, 110 O. S. 405, 1924.

That the certificates were endorsed does not alter the case. *Colonial Bank* v. *Hepworth,* L. R. 36 Ch. Div. 36, 53, 54.

*Yazoo and Mississippi Railroad* v. *Clarksdale,* 257 U. S. 10, presented no question of the situs of shares.

The weight of American authority is that foreign attachment does not lie against shares of a non-resident corporation merely by the seizure of the certificates. *Baker* v. *Baker, supra; Christmas* v. *Biddle,* 13 Pa. St. 233 (1850); *Winslow* v. *Fletcher,* 53 Conn. 391; *Tweedy* v. *Bogart,* 56 Conn. 419; *Sheep & Wool Co.* v. *Traders Bank,* 104 Ky. 90; *Gundry* v. *Reakirt,* 173 Fed. 167; *Pinney* v. *Neville,* 86 Fed. 97; *Armour Brothers Banking Co.* v. *St. Louis Nat. Bank,* 113 Mo. 12; *Richardson* v. *Bush,* 198 Mo. 174; *Ireland* v. *Globe Milling Co.,* 19 R. I. 180; *Maertens* v. *Scott,* 33 R. I. 356; *Daniel* v. *Gold Hill Mining Co.,* 28 Wash. 411; *Reid Ice Cream Co.* v. *Stephens,* 62 Ill. App. 334; *Smith* v. *Downey,* 8 Ind. App. 179.

International law is clear and sweeping in its principle that incorporeal things including rights can be seized only by seizure of the corporeal thing to which the right is attached.

Were that not so, any sovereign might by his own laws situate incorporeal things within his jurisdiction and then proceed under color of right established by his law to possess the thing corporeal, in whatsoever country it was situate. Phillimore's Int. L. (3d Ed.), Vol. 3, at page 817 et seq.; *The Antelope,* 10 Wheat. 66; *Wisconsin* v. *Pelican Insurance Co.,* 127 U. S. 265.

The principles here considered are strikingly like those involved in *Baglin* v. *Cusenier,* 221 U. S. 581.

No confirmations of the treaty of Versailles apply.

*Mr. Wm. Averell Brown,* with whom *Mr. Kenneth B. Halstead* was on the brief, for United States Steel Corporation.

*Mr. Frederick R. Coudert,* with whom *Mr. Howard Thayer Kingsbury* and *Mr. Mahlon B. Doing* were on the brief, for Public Trustee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

These are bills in equity in similar form each raising the same question. In each the plaintiff is a German corporation and the interested defendants are the Public Trustee, an English corporation sole appointed to be custodian of enemy property during the late war, and the United States Steel Corporation. Each plaintiff claims one hundred identified shares in the Steel Corporation and seeks to be declared owner of the same, to have new certificates issued to it and the outstanding certificates cancelled on the books of the corporation, and to recover past dividends declared but unpaid. The cases were submitted by them upon an agreed statement of facts, and the District Court after a discussion that leaves nothing to be added dismissed the bills. The decree declared the Public Trustee to be entitled to the shares and directed the Steel Corporation to issue new certificates to his nominee on surrender of the old ones properly endorsed. 300 Fed. 741.

As is usual with shares which it is desired to deal in abroad these shares were registered by tens on the Steel Corporation's books in the name of some well-known broker or the like domiciled in England, and the assignment and power of attorney to transfer the shares printed on the back of the certificate was signed by the broker in blank so that the certificate passed from hand to hand. The Disconto-Gesellschaft had bought a hundred shares and held the certificates thus indorsed in its London branch. The Bank für Handel had bought the same number and pledged them with an English banking house in a running account. On March 27, 1918, an order of the Board of Trade in pursuance of statutory powers purported to vest in the Public Trustee the rights of the

Disconto-Gesellschaft to the shares and the right to take possession of the documents of title. On April 30, 1917, a similar order had been made as to the Bank für Handel's stock. The Public Trustee thereupon seized the certificates in London as was regular and lawful under the laws of England while the war was going on and freed the pledged securities from the lien upon them by a sale of other stocks. He claims a title confirmed by the Treaty of Berlin and the Treaty of Versailles. The plaintiffs set up that a decree recognizing his title would deprive them of their property without due process of law.

The appellants, starting from the sound proposition that jurisdiction is founded upon power, overwork the argument drawn from the power of the United States over the Steel Corporation. Taking the United States in this connection to mean the total powers of the Central and the State Governments, no doubt theoretically it could draw a line of fire around its boundaries and recognize nothing concerning the corporation or any interest in it that happened outside. But it prefers to consider itself civilized and to act accordingly. Therefore New Jersey having authorized this corporation like others to issue certificates that so far represent the stock that ordinarily at least no one can get the benefits of ownership except through and by means of the paper, it recognizes as owner anyone to whom the person declared by the paper to be owner has transferred it by the indorsement provided for, wherever it takes place. It allows an indorsement in blank, and by its law as well as by the law of England an indorsement in blank authorizes anyone who is the lawful owner of the paper to write in a name, and thereby entitle the person so named to demand registration as owner in his turn upon the corporation's books. But the question who is the owner of the paper depends upon the law of the place where the paper is. It does not depend upon the holder's having given value or taking without notice of

outstanding claims but upon the things done being sufficient by the law of the place to transfer the title.    An execution locally valid is as effectual as an ordinary purchase.    *Yazoo & Mississippi Valley R. R. Co.* v. *Clarksdale,* 257 U. S. 10.    The things done in England transferred the title to the Public Trustee by English law.

If the United States had taken steps to assert its paramount power, as in *Miller* v. *Kaliwerke Aschersleben Aktien-Gesellschaft,* 283 Fed. 746, a different question would arise that we have no occasion to deal with.    The United States has taken no such steps.    It therefore stands in its usual attitude of indifference when title to the certificate is lawfully obtained.    There is no conflict in matter of fact or matter of law between the United States and England and therefore *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394, does not apply.    We deem it so plain that the Public Trustee got a title good as against the plaintiffs by the original seizure that we deem it unnecessary to advert to the treaties upon which he also relies or to the subsequent dealings between England and Germany showing that both of those nations have assumed without doubt that the Trustee could sell the stock. We think it unnecessary also to repeat what was said below as to the possibility of the United States making a claim at some future time.

*Decree affirmed.*