## NORRIE et al. v. KANSAS CITY SOUTHERN RY. CO. et al.

(District Court, S. D. New York. July 8, 1925.)

**1. Corporations ⟨key⟩65—Shares of stock are in nature of choses in action.**

Shares of stock are not chattels, but are in nature of choses in action, and are intangible, incorporeal personal property.

**2. Corporations ⟨key⟩65—Situs of shares of stock may be at domicile of owner or corporation.**

Situs of shares of stock for some purposes is at domicile of owner, and for some purposes at domicile of corporation.

**3. Courts ⟨key⟩274—District court had jurisdiction of executors' suit to compel Missouri corporation to transfer stock belonging to their decedent.**

District court had jurisdiction of suit by executors to compel Missouri corporation to transfer stock belonging to their decedent and to pay over to them dividends which had been withheld, where inheritance tax to state of Missouri had been paid, and corporation maintained an office within the district for transfer of its stock and regular transaction of business, and decedent was a citizen of the state, and his will was probated here, and plaintiffs had duly qualified here as his executors, and proceeding was the first suit to which all claimants to the stock were parties.

**4. Corporations ⟨key⟩65 — Law of place where stock is determines question of its title.**

Law of place where stock is determines question of its title.

In Equity. Suit by Van Horn Norrie and the Fifth Avenue Bank of New York, as executors of Warren C. Beach, deceased, against the Kansas City Southern Railway Company and others. Decree for complainants.

Murray, Ingersoll, Hoge & Humphrey, of New York City, for complainants.

Sidney Rosenbaum, of New York City (Paul Barnett, of Sedalia, Mo., and D. W. Peters, of Jefferson City, Mo., of counsel), for defendant Ira H. Lohman.

WINSLOW, District Judge. Warren C. Beach died January 13, 1922, a citizen of New York. His will was probated in New York county. Decedent, at his death, owned 1,000 preferred shares and 500 common shares of the Kansas City Southern Railway Company, a Missouri corporation. The certificates were in his safe deposit box in New York. The Missouri transfer tax was determined and paid, and a waiver by the state of Missouri duly issued.

Thereafter the defendant Lohman, public administrator of Cole county, Mo., had himself appointed administrator of the estate within Cole county, and the defendant Jacobs, public administrator of Jackson county, Mo., had himself appointed administrator of the estate within Jackson county, pursuant to a state statute. The decedent owed no debts in Missouri, and all taxes due that state had been paid.

The executors duly presented the certificates, properly indorsed, to the railway company's transfer office in New York, with waiver from the Missouri authorities and transfer stamps. The company refused to transfer the stock, because Lohman, as public administrator of Cole County, and Jacobs, as public administrator of Jackson county, had each claimed the right to administer this stock. In or about September, 1923, Lohman sued the railway company alone in the Missouri courts to compel the transfer of the stock to him. Upon the refusal of the company to transfer the stock at its transfer office in New York the executors began this suit in January, 1924, against all of the defendants to compel said railway company to transfer the stock and to pay over to them dividends which have been withheld. Jacobs has not appeared, and is in default. Lohman has answered. About nine months after the commencement of this suit Lohman filed an amended bill of complaint in his suit in Missouri and brought in the executors as parties defendant.

A judgment has been rendered in Missouri denying Lohman the right to administer, directing the railway company to transfer the stock to the executors and to pay over to them the dividends. Said Lohman has appealed from that judgment, but has not perfected his appeal, and that court denied his application for an arrest of judgment. The defendant Lohman moved for permission to file a supplemental answer setting up the judgment of the Missouri court as a plea in bar. This motion was denied, and, I believe, properly denied.

In the case at bar, for the first time, all

of the claimants to the stock are before the court. There is no dispute as to the facts, and the case has been duly tried by this court. The only question involved is one of jurisdiction and power of this court to grant the relief prayed for in the bill.

[1-4] If the court cannot, or does not, grant the relief prayed for, the executors will be compelled to send the stock to the state of Missouri for transfer, which would give the defendant Lohman the right to take possession of the certificates and thereafter to collect his commissions on their value. The inheritance or transfer tax to the state of Missouri has been paid, and therefore the question really resolves itself into one of commissions for the defendant Lohman. It would be interesting for the court to theorize upon the statute which would bring about this result, but it is wholly unnecessary to the determination of the issues of law. The shares of stock are not chattels, but are in the nature of choses in action, and are intangible, incorporeal personal property. Their situs, for some purposes, is at the domicile of the owner, .and, for some purposes, at the domicile of the corporation. In the present instance the certificates of stock have always been within the Southern District of New York, and are subject to the law of this jurisdiction. Vidal v. So. Amer. Securities Co. et al. (C. C. A.) 276 F. 855; London Bank v. Aronstein, 117 F. 601, 54 C. C. A. 663; Lockwood v. U. S. Steel Corp., 209 N. Y. 375, 103 N. E. 697, L. R. A. 1915C, 471.

The defendant railway company maintains an office in this district for the transfer of its stock and for the regular transaction of business. The decedent was a citizen of New York, and his will was probated here, and the plaintiffs have duly qualified here as his executors. The law of the place where the stock is determines the question of its title. Direction Der Disconto-Gesellschaft v. U. S. Steel Corporation et al., 267 U. S. 22, 45 S. Ct. 207, 69 L. Ed. 495.

This is the first suit to which all of the claimants to the stock are parties. Defendant Jacobs was never a party to the Missouri suit, and, while it was contended by counsel when this case was presented that Jacobs had resigned as administrator, it does not appear from the record that he has ever renounced or withdrawn his demand on the railway company for the transfer of the stock.

Decree will be for the plaintiff, to be settled on due notice.