(109 So. 344)

No. 27664.

### NEWELL v. TREMONT LUMBER CO. et al.

(May 3, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⚖=867(2).**

Shares of stock in domestic corporation, inherited by nonresident from a nonresident, are personalty, in view of Act No. 267 of 1914, §§ 8, 32, and cannot be subjected to inheritance tax under Act No. 127 of Ex. Sess. 1921, § 2, unless shares are physically within state at time inheritance accrued.

**2. Taxation ⚖=868(2)—Under Uniform Stock Transfer Law title to shares of stock cannot be acquired adversely to bona fide holder thereof, and hence certificates determine physical location of stock for purpose of inheritance tax (Act No. 180 of 1910, §§ 1, 8, 10, 13).**

Under Act No. 180 of 1910, §§ 1, 8, 10, 13, no title to shares of stock in corporation can be acquired or held adversely to bona fide holder of certificate of stock duly indorsed, and hence certificates are physical representatives of stock itself determining physical location of stock for purposes of inheritance tax.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Action by Mrs. Maxwell B. Newell against the Tremont Lumber Company and others. Judgment for defendants, and plaintiff appeals. Reversed, with directions.

Theus, Grisham & Davis, of Monroe, White, Holloman & White, of Alexandria, and Denegre, Leovy & Chaffe, of New Orleans, for appellant.

R. B. Williams and Peterman, Dear & Peterman, all of Alexandria, for appellee Tax Collector.

ST. PAUL, J. Plaintiff is universal legatee and sole heir of her mother, and seeks herein (contradictorily with the inheritance tax collector) to compel the defendant company to transfer into her name certain shares of its capital stock standing upon the books of the company in the name of her mother, without (previous) payment of an inheritance tax under Act 127 of 1921, p. 323 (Ex. Sess.).

### I.

Plaintiff is domiciled and resides out of the state. Her mother was domiciled, resided, and died in Cook county, state of Illinois, and at the time of her death (and previously) the certificates of stock were held by her at her said domicile, and were not (and had never been) within the territorial limits of this state.

On the other hand, defendant corporation is organized under the laws of this state, and has its domicile therein, where all of its physical property is situated.

### II.

Act 267 of 1914, p. 521, the general corporation law of the state, provides (section 8, p. 526) that the stock of all corporations organized thereunder (or otherwise, see section 32, p. 537), "shall be *represented by certificates* and shall be personal property, * * * transferable as prescribed by law."

And the Inheritance Tax Law aforesaid provides (section 2, p. 324) that "said tax shall be imposed with respect to all property * * * embraced in any inheritance, * * * including all personal property *physically* in the state, * * * whether owned or inherited by * * * a resident or nonresident, and whether inherited * * * under the law of this state or of any other state * * * [and all personal

property owned by *residents* of the state, * * * wherever situated * * *]."

## III.

[1] Manifestly, therefore, the shares of stock inherited by plaintiff (a nonresident) from her mother (also a nonresident) under the laws of *another* state cannot, under the very *terms of the statute*, ut supra, be subjected to an inheritance tax, unless the same be held to have been *physically* within the state at the time the inheritance accrued. And we are therefore not required to pass upon the right of the state to collect a tax upon tangible personal property, not physically within its limits, inherited by a nonresident from another nonresident, for the state has not attempted to do so. See Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058. See also, Rhode Island Hospital Trust Co. v. Doughton, 46 S. Ct. 256, 70 L. Ed. 475.

## IV.

[2] Hence the sole question presented is whether the shares of stock aforesaid were *physically* within the state at the time plaintiff inherited them from her mother. And the answer to that question is they were *not*.

## V.

In Direction Der Disconto Gesellschaft v. U. S. Steel Corporation, 267 U. S. 22, 45 S. Ct. 207, 69 L. Ed. 495, it was held, in effect, that the physical situs of shares of stock in a corporation was where the *certificates of stock* were located, for it was there held that shares of stock in an American corporation belonging to bankers in Germany could be validly captured, confiscated, and sold by Great Britain by mere seizure of the certificates of stock found in their London branch. And for reason why Great Britain had *jurisdiction* over shares of stock in an American corporation belonging to bankers in Germany, the court said that the certificates "so far represent the stock that ordinarily, at least, no one can get *the benefits of ownership* except through and by means of the paper."

And that is precisely the situation, in this state under the Uniform Stock Transfer Law (Act 180 of 1910, p. 265). For under the provisions of that statute no *title* to shares of stock in a corporation can be acquired or held by any one, in any way, adversely to the bona fide *holder* of the certificate of stock duly indorsed. See Sections 1, 8, 10, and 13. The *transferable value* of the stock lies therefore wholly *in the certificates;* and thus the certificates are by law made the corporeal or physical representatives of the stock itself, so that, where said certificates are, there also the stock itself is physically located.

## VI.

Our conclusion is that the shares of stock with respect to which the tax collector seeks to claim an inheritance tax were *not* physically within the state.

## Decree.

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment herein for plaintiff as prayed for, decreeing the shares of stock in the defendant corporation inherited by plaintiff from her mother to be not subject to an inheritance tax in this state, and directing defendant to transfer the same on its books free of such inheritance tax upon due surrender of the certificates.