ST. PAUL, J.
 

 On October 20, 1920, A. B. Avery, a resident of this state, brought suit for separation from bed and board (on the ground of alleged abandonment), against his wife who . had resided with him in this state for 20 years, and up to within two years of the filing of said suit, all under the community regime prevailing in this state. R. C. C. arts. 2400-2406. That suit was never tried, and -still stands as though pending.
 

 On September 19, 1921, whilst said suit was still pending, Avery realized ánd received in cash some $15,000, being the result of fortunate investments made by him in the years 1919 and 1920.
 

 On September 20, 1921, the day following the receipt in cash of the $15,000 aforesaid, he went to the office of the Shreveport Mutual Building Association, and there took out and paid -for $15,000 of the capital stock of said association, being 75 shares of the par value of $200 each; said shares being represented by certificates, as required by section 8 ■ of Act No. 267 of 1914, p. 526, and being “personal property” as declared in said section.
 

 Of the (two) certificates issued, one, No. 1481, was for 50 shares of the par value of $10,000, and the other, No. 1482, was for 25 shares of the par value of $5,000. Which certificates he caused to be issued in the name of “Mrs. Mary D. Dickey,” who- is one of the defendants here, the other defendant being the building association aforesaid; but said certificates were delivered to himself, and were receipted for by him, and he left the office of the building association in possession thereof.
 

 XI.
 

 On March 9, 1922, Avery died, with the separation suit still pending, leaving his widow and three -children, the issue of their marriage.
 

 On March 10, 1922, the day after his death, the defendant Mrs. Mary D. Dickey presented to the building association the certificate No. 1481 for 50 shares, and, upon surrender thereof, duly indorsed by her, was paid in cash (by check) the full par value thereof, $10,000. With
 
 that
 
 certificate we are not presently concerned, since neither the certificate limits proceeds have ever come into the custody of the court, and the defendant, Mrs. Dickey, is (and was) a nonresident, though present in the state on March 10, 1922, as aforesaid, and also on March 11, 1922, on which day she cashed the building association’s, check for the proceeds of said stock, and on which day she also claimed, to a member of the family of the deceased, that he had
 
 donated
 
 said stock to her.
 

 The other certificate, No. 1482, for 25
 
 *285
 
 shares of the par value of $5,000, remained in the possession of Avery, and was found among his effects at his death.
 

 111-
 

 This is a suit by the administratrix of the succession, the widow in community, and the children and sole heirs of the deceased, (1) to have the transaction by which the deceased caused said shares of stock (purchased and paid for by him) to be registered in the name of the defendant Mrs. Mary D. Dickey to have been a fraudulent simulation, intended to cover up the said stock and screen it against the community claims of the wife from whom he was then seeking a separation, and to whom he would have tp account for one-half thereof (R. C. C. art. 2406); and, in the alternative, (2) that, if not a pure simulation, then a donation omnium bonorum and therefore null for the whole (R. C. C. art. 1497); or (3) a disposition of the
 
 whole
 
 common property belonging to the marriage partnership with intent to injure and defraud his wife out of her share therein, and therefore void at least for the half (R. C. C. art. 2404); or (4) that the whole donation, if otherwise valid, is reducible by two-thirds, i. e. reducible to one-third (R. C. C. art. 1493); and (5) that, in any event, the donation, 'if real, is not effective because not made in the form prescribed by law (R. O. O. art. 1536).
 

 IY.
 

 We find it unnecessary to consider the last four contentions urged by plaintiffs, all of which might perhaps be worth consideration, were that necessary for the decision of the case, for the contention first urged by them appears to us well founded, and sufficient.
 

 We think that the whole transaction was a simulation pure and simple, done by the husband for the sole purpose of covering up the property and screening it from the knowledge and claims of his wife.
 

 And we are here indulging in no mere conjectures, but ¿rawing conclusions “weighty, precise, and consistent” from the undisputed facts as we have stated them. R. C. C. arts. 2284, 2288.
 

 Nor has the defendant done aught to
 
 rebut
 
 the presumption which flows from the facts recited.
 

 She did not appear in defense of this suit in the lower court, being therein represented only by a curator ad hoc; she did not testify in the case either in person or by deposition ; eighteen days after the death of Avery, being also only sixteen days after having-cashed
 
 at par
 
 $10,000 of said stock, she
 
 sold
 
 the other $5,000 of stock for
 
 one-tenth
 
 its par value (i. e. for $500 to one A. G. Muller (intervener herein) also a nonresident; and hence at the time this suit was filed apparently had no further interest in said stock other than as warrantor. See section 10 of Act No. 180 of 1910, p. 267.
 

 All these are circumstances which, far from
 
 rebutting,
 
 tend strongly to
 
 confirm,
 
 the conclusion which we have reached from the facts first stated.
 

 V.
 

 We have been careful to state that, whilst section 8 of Act No. 267 of 1914, the' General Corporation Law, declares that shares of stock must be “represented” only by (written) certificates, nevertheless said shares, and the certificate which represents them, continue to be
 
 “personal property”
 
 as declared in the same section; our purpose being to warrant us in acting upon parol evidence tp (in effect) take the title of said shares out of the name of the defendant Mrs. Dickey, and put them into the name of the deceased, contrary to the rule of law which
 
 prohibits
 
 such use of parol evidence to make out a title to
 
 immovable property.
 
 This was to meet the objection of the defendant that the
 
 title
 
 to certificates of stock could not be
 
 affected
 
 by parol evidence. And we have also
 
 *287
 
 been careful to observe that tbe certificate No. 1482, for 25 shares of the par value of $5,000, with which
 
 alone
 
 we are now dealing, was
 
 in the possession of the deceased
 
 until his death (and is now in the custody of the court); so that we are not herein disregarding any of the provisions of the Uniform Stock (Transfer Law (Act No. 180 of 1910, p. 265), under which the certificate of stock .stands, as the
 
 physical
 
 representative of the stock itself, and only the
 
 possession
 
 of said certificate gives
 
 jurisdiction
 
 over the stock. See Newell v. Tremont Lumber Co. et al., our No. 27664, post, p. 649, 109 So. 344, decided this day, citing Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, and Direction Der Disconto-Gesellschaft v. U. S. Steel Corporation, 267 U. S. 22, 45 S. Ct. 207, 69 L. Ed. 495.
 

 VI.
 

 Some objection is made to the
 
 form
 
 of procedure adopted by plaintiffs; i. e.,' by
 
 attachment.
 
 But that is immaterial. It is true that
 
 sequestration
 
 would have been a more proper writ to be used, since the plaintiffs are claiming primarily the stock itself and its value only in the alternative. But the fact is that either writ would have served effectively to bring the certificates into the power of the court, and
 
 that
 
 is the substance of the process and the sine qua non required to give the court
 
 jurisdiction
 
 over the stock. In po.int of fact as to the 25 shares represented by certificate No. 1482, with which alone we are here dealing, these were already in the hands of the administratrix, and no writ whatever was required to bring them within the jurisdiction of the court, in whose possession they already were through its officer, the administratrix. The writ herein sued out was therefore
 
 superfluous
 
 as to those 25 shares; and it would have sufficed to bring a direct action against the building association, to transfer the stock on surrender of the certificates, merely making Mrs. Dickey a party defendant as having an apparent interest in the stock; and this could have been done by serving her through a curator ad hoc, without writ of any sort, the court already having jurisdiction over the res in'controversy by reason of its possession thereof.
 

 We presume that the writ was resorted to only in a (vain) effort to seize upon the other stock not in the possession of the administratrix; and hence, as aforesaid, it is immaterial for the purposes of this case whether an attachment, or a sequestration, or no writ at all, issued in this ease. The 25 shares are in the custody and therefore within the jurisdiction of the court, which may therefore deal with it for
 
 all
 
 purposes. See Direction Der Disconto-Gesellschaft v. U. S. Steel Corporation, supra.
 

 Decree.
 

 The judgment appealed from is therefore affirmed. •