**NORRIE et al. v. LOHMAN, Public Adm'r.**

(Circuit Court of Appeals, Second Circuit. December 24, 1926.)

No. 29.

1. **Appeal and error ☞396—Appeal allowed by order entered within 90 days after final decree was taken within term, and citation was unnecessary.**

Where appeal was allowed, and severance on appeal granted by same order, entered within 90 days after final decree, *held*, under District Court rules, appeal was taken within the term, and citation was unnecessary.

2. **Appeal and error ☞324—Summons and severance are essential on appeal by one only of parties decreed jointly liable.**

On appeal by one only of parties decreed jointly liable, summons and severance are essential.

3. **Appeal and error ☞324—Decree in executors' suit to compel transfer of railroad stock held not joint, as affecting right of one defendant to separate appeal.**

In executors' suit to compel railroad to transfer stock of decedent, in which two ancillary administrators, claiming right to such stock, were made parties, *held*, decree directing railroad to transfer stock to plaintiffs and holding rights of each ancillary administrator subordinate to plaintiff's rights was not joint as affecting right of one defendant to separate appeal.

4. **Appeal and error ☞335—Defendant railroad, in suit to compel transfer of stock, held sufficiently made party to separate appeal by another defendant to defeat motion to dismiss appeal.**

In executors' action to compel railroad to transfer stock of their decedent, in which two ancillary administrators claiming stock were made parties, where separate appeal from adverse decree by one of ancillary administrators brought "up so much of the case and such of the parties as are necessary for the determination of his rights," *held*, defendant railroad was sufficiently made a party to the appeal to defeat motion to dismiss.

5. **Appeal and error ☞392—Defect in appeal bond held waived by appellant's filing of brief without application for amendment.**

Filing of brief by an appellee, without application for amendment of appeal bond, or request for filing of additional bond running to it, *held* waiver of defect in bond filed.

6. **Appeal and error ☞1041(5)—Refusal to permit filing of supplemental answer alleging similar suit in another state, if error, held not prejudicial, where judgment roll in such suit was admitted in evidence.**

In executors' suit in New York to compel Missouri railroad corporation to transfer stock of decedent, in which ancillary administrators in Missouri were made parties, error, if any, in refusing one of such administrators leave to file a supplemental answer alleging existence of suit involving same rights in Missouri, *held* not prejudicial, where court admitted in evidence judgment roll of Missouri court.

7. **Courts ☞492—Federal District Court of New York held to have first acquired jurisdiction over all parties to suit to compel Missouri corporation to transfer stock, and warranted in proceeding to judgment notwithstanding suit in Missouri (Judicial Code, § 57 [Comp. St. § 1039]).**

Where suit in federal court in New York by executors to compel Missouri railroad to transfer stock of their decedent, to which ancillary administrators in Missouri were made parties, was instituted after commencement of similar

suit by one of such administrators in Missouri, but before the executors in New York were made parties to such Missouri suit, *held*, New York court was first to acquire jurisdiction, under Judicial Code, § 57 (Comp. St. § 1039), and was warranted in proceeding to judgment notwithstanding Missouri suit.

**8. Courts ⟐269—Shares of stock have situs in state where they are and where corporation does business for purposes of statute (Judicial Code, § 57 [Comp. St. § 1039]).**

Under Judicial Code, § 57 (Comp. St. § 1039), shares of corporate stock have a situs in the state where the corporation is engaged in business, and where the certificates are held, as well as in the state of incorporation.

**9. Courts ⟐342—Proceedings under statute to establish rights in property held quasi in rem (Judicial Code, § 57 [Comp. St. § 1039]).**

Proceedings under Judicial Code, § 57 (Comp. St. § 1039), to establish rights in property, *held* quasi in rem.

**10. Abatement and revival ⟐5—Suit in personam is no bar to similar proceeding elsewhere.**

It is is a general rule that a suit in personam is no bar to a similar proceeding elsewhere.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Van Horne Norrie and another, as executors of the estate of Warren C. Beach, against Ira H. Lohman, as Public Administrator of Cole County, Mo., and others. From a decree for plaintiffs, the named defendant appeals. Affirmed.

Sidney Rosenbaum, of New York City (D. W. Peters, of Jefferson City, Mo., and Paul Barnett, of Sedalia, Mo., of counsel), for appellant.

Murray, Ingersoll, Hoge & Humphrey, of New York City (Frederick J. Moses, of New York City, of counsel), for appellees.

Samuel W. Moore, of New York City, and Frank H. Moore and A. F. Smith, both of Kansas City, Mo., for Kansas City Southern Ry. Co., amici curiæ.

Before HOUGH, MANTON, and MACK, Circuit Judges.

MACK, Circuit Judge. The bill of complaint filed January 14, 1924, alleges that plaintiffs, as New York executors of the estate of Warren C. Beach, deceased, who had been domiciled and resident in New York, took possession in New York of the stock certificates of the Kansas City Southern Railway Company, a Missouri corporation, registered in Beach's name and found in his deposit box in New York City; that the railway company had for years maintained an office in New York City for stock transfers, directors' meetings, and other corporate business there transacted; that inheritance taxes in Missouri and New York had been paid on the stock, and the certificates tendered to the railway company at the New York office for transfer into the name of plaintiffs as executors; that such transfer was refused because of the adverse claims hereinafter recited. The bill further alleges the appointment of Lohman, the public administrator of Cole county, Mo., as ancillary administrator of the estate of Beach in that county, and of defendant Jacobs, the public administrator of Jackson county, Mo., in that county; that Beach left no assets or debts in Missouri, and the railway company had no assets or office in Cole county; that Lohman, as such administrator, had filed a petition against the railway company in Jackson county, Mo., in September, 1913, alleging the situs of the stock to be there and demanding its transfer to him; that Jacobs, as such administrator, claims the exclusive right of administration and transfer to himself and threatens suit therefor.

The prayer was to quiet title to the shares in the executors, for transfer by the railway company, and injunction against Lohman and Jacobs from further proceedings against the railway company. Substituted service was had on Lohman and Jacobs. The latter was defaulted; the former appeared specially; his motion to dismiss for want of jurisdiction, under section 57 of the Judicial Code (Comp. St. § 1039), was denied on the ground that the situs of shares was within the district, under section 57, on the authority of Vidal v. South American Sec. Co. (C. C. A.) 276 F. 855. Thereafter Lohman, answering, reserving his objections to the jurisdiction, asserted the situs of the stock and consequent exclusive jurisdiction to be in Missouri and alleged the pendency of his Missouri suit, and that the shares of stock, which he alleged constitute the res in this cause, had been theretofore seized by the Missouri court by virtue of the Jackson county, Mo., suit.

He further alleged that, since the institution of the present suit, plaintiffs herein had been made defendants in the Missouri suit and had been duly served therein. Defendant railway company in its answer moved to dismiss for want of jurisdiction and of equity, expressed its willingness to make the transfer, if lawful, and alleged the demands made by Lohman and Jacobs and its declination to transfer solely because of these adverse demands.

The certificate of evidence filed in this cause shows only that, when the case was called for trial, Lohman renewed a motion, made the day before, for leave to file a supplemental answer, setting up new facts which were alleged to bar the action. The tendered supplemental answer alleged that in Lohman's Missouri suit all parties to this suit except Jacobs, who is charged to be an improper party in either suit, were included; that plaintiffs herein by answer prayed that the railway company transfer to them; that thereby the identical issues here presented were there presented and adjudicated by final decree; that by that decree judgment went against Lohman and in favor of the executors, in whom title was decreed, and to whom the railway company was decreed to transfer the stock; that from that decree Lohman appealed, and that appeal is now pending in the Supreme Court of Missouri. The supplemental answer prayed dismissal of the bill, or at least a stay until final judgment in the Supreme Court of Missouri.

The court denied leave to file the supplemental answer, but received in evidence, as the only evidence in the case, a transcript of the Missouri judgment roll. It appears therefrom that plaintiffs herein answered fully therein, averred the pendency of the New York suit before they were made parties to the Missouri suit, and prayed for all the relief sought in the instant case, except as against Jacobs. They, like the railway company, set up as a further defense that Lohman, as public administrator of Cole county, Mo., had in no event any right to administer the stock, because, if it was to be administered in Missouri, its situs therein was in Jackson county, where the railway company maintained its principal place of business, and the decedent had no assets in Cole county. Lohman's motion for judgment on the pleadings, on the ground that the answers offered no defense, was overruled, and, as he declined to plead further, judgment went against him. Thereupon he appealed to the Supreme Court of Missouri, where at the time of the trial in the District Court the matter was still pending.

By the final decree now sought to be reviewed on Lohman's appeal, plaintiffs' rights were adjudged to be superior to the claims of Lohman and Jacobs, and the railway company was ordered to make the transfer as prayed for.

[1] Appellant Lohman, on notice to his codefendants, was granted a severance on appeal, and by the same order was allowed his separate appeal. This order was entered within 90 days after entry of the final decree; by the rules of the District Court, terms are extended 90 days for all purposes in connection with judgments and decrees. The appeal. therefore, is to be deemed as taken within the term, and citation was unnecessary. Milner v. Meek, 95 U. S. 252, 258, 24 L. Ed. 444.

[2, 3] Summons and severance are essential as between parties decreed jointly liable. Beardsley v. Arkansas, 158 U. S. 123, 15 S. Ct. 786, 39 L. Ed. 919; Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632; Babcock v. Norton, 5 F.(2d) 153 (C. C. A. 2). Here, however, the decree was not joint, but separate, as against the three defendants; the railway company was decreed to transfer the stock to plaintiffs; Lohman and Jacobs were each decreed subordinate to plaintiffs' rights. In effect, though of course not in form, the situation was that of an interpleader. The railway company was ready to transfer to whomsoever a court having jurisdiction should decree. Plaintiff and defendant Lohman, after defendant Jacobs' default, were the contending parties. Lohman, therefore, had a right of separate appeal.

[4] At the oral argument we accepted the suggestion that the railway company had not been made an appellee, and therefore had no standing as such. We granted leave, however, to it to file a brief as amicus curiæ. In the brief so filed our attention has been directed to the alleged defects in the appeal, which, if well taken, would have necessitated a dismissal of the appeal without a consideration of the merits of the case; for, clearly, the railway company was a necessary party to the appeal, inasmuch as the decision of the court, if favorable to appellant, might compel the railway company to issue stock to him, even though it might have (and as conceded in oral argument it in fact had) issued stock to the New York executors pursuant to the decree of the District Court. Furthermore, Lohman seeks, as against it, the very relief that was given to plaintiff and a reversal of the decree in favor of plaintiffs.

As Lohman's appeal "brings up so much of the case and such of the parties as are necessary for the determination of his rights" (Milner v. Meek, supra; McNulta v. Commissioners, 99 F. 328 [C. C. A. 7]; Rice Co. v. Libbey, 105 F. 825, distinguishing Kidder v. Trust Co., 105 F. 821 [both C. C. A. 7]), defendant railway company is here as appellee.

[5] It voluntarily filed its brief, entitling itself an appellee. It therefore submitted to the jurisdiction of the court without citation,

as fully as if formally cited. While it might have required the appellant to amend his appeal bond, or to file an additional appeal bond, running to it as appellee, in our judgment it has waived that defect by filing its brief as appellee without making application therefor. See Hill v. Western Electric Co., 214 F. 243 (C. C. A. 6). As Jacobs was defaulted, he was not a necessary party to the appeal, for by his default he conceded that he had no rights as against the other parties to what was in effect an interpleader. The motion of appellee railway company to dismiss the appeal will be denied.

[6, 7] We proceed then to a consideration of the merits of the controversy. Inasmuch as the court received in evidence and considered the judgment roll of the Missouri court, the error, if any, in refusing to permit appellant to file the supplemental answer, becomes immaterial. That decree was not set up in support of a plea of res adjudicata, for the Missouri decree was adverse to Lohman. His contention is that the Missouri court alone had jurisdiction to determine the right to stock in a Missouri corporation, but that, if the New York court likewise had jurisdiction, nevertheless the decree in Missouri, as the first adjudication, prevented the continuance of further similar proceedings here, in any case as between the executors and Lohman, whatever the situation might be as between the executors and Jacobs, who was not a party to the Missouri case.

[8] It is further argued that in any event, as the Missouri Supreme Court will decide the appeal there pending solely on the record before it, which, of course, cannot contain the later decree of the District Court, confusion may result from possibly conflicting decrees. The Vidal Case, supra (see, too, Disconto Gesellschaft v. U. S. Steel Co. [D. C.] 300 F. 741, affirmed in 267 U. S. 22, 45 S. Ct. 207, 69 L. Ed. 495), settles the jurisdiction of the District Court under section 57 of the Judicial Code, as was held by Judge Learned Hand, then District Judge, in denying Lohman's motion to dismiss the appeal as against himself for lack of jurisdiction over the res and over his person and by Judge Winslow (7 F.[2d] 158) in the final decree; for, though shares of stock have a "situs" in the state of incorporation, they likewise have one for the purposes of section 57 in the state where the corporation is engaged in business and where the stock certificates were held by the deceased and are held by his executors (Fairchild v. Lohman, 13 F.[2d] 252 [D. C. W. D. Mo.]).

[9] Proceedings under that section are quasi in rem, to establish rights in property as against adverse claimants. Such was the case as between plaintiffs and Lohman, to establish as against him plaintiffs' ownership of the stock, even though, as between plaintiffs and the railway company, the suit was strictly in personam.

Even though the Missouri court had a like jurisdiction as between Lohman and plaintiffs, the earlier suit would have priority. Lion Bonding Co. v. Karatz, 262 U. S. 77, 88, 43 S. Ct. 480, 67 L. Ed. 871, and cases cited. But, as between them, the suit in the District Court was the earlier one, for the Missouri suit in its original form was against the railway company alone; Lohman's ownership of the shares was asserted by him as if undisputed. Only by the amendment, filed long after the District Court had obtained jurisdiction over Lohman, were plaintiffs brought into the Missouri case.

[10] We need not determine what, if any, effect as res adjudicata would be given to a decree by the Missouri court, if, notwithstanding the priority of the New York suit in that respect, it had decided the issues in favor of Lohman; for here the decree of the Missouri court supports that of the District Court; and if, because of the appeal, the Missouri decree may be deemed not final or suspended, then the Missouri case must be dealt with as merely lis aliter pendens; as such it could not stay the determination in the District Court of the relative rights to the res for the reasons above stated, or of the right in personam of plaintiffs and of Lohman against the railway company, because of the general rule that a suit in personam is no bar to a similar proceeding elsewhere.

Decree affirmed.