**BAKER et al. v. GREGORY.**
**HUMBLE OIL & REFINING CO. v. SAME.**
Nos. 9077, 9081.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1940.

Rehearing Denied June 13, 1940.

---

Willard L. Russell and Edward S. Boyles, both of Houston, Tex., and Brantly Harris and Geo. W. Coltzer, both of Galveston, Tex., for appellants Baker and others.

J. C. Hutcheson, III, of Houston, Tex., for appellee.

Robt. F. Higgins and D. H. Gregg, both of Houston, Tex., for appellant Humble Oil & Refining Co.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

These two cases present appeals from the same judgment, enjoining the prosecution of a suit in a state court. The facts are not in dispute.

Sterling and Baker Securities Corporation was adjudicated bankrupt in the Southern District of Texas and T. W. Gregory, appellee, was appointed and qualified as trustee. The bankrupt scheduled indebtedness owing to it by Frank B. Sterling and Harry B. Baker, individually and as the partnership of Sterling and Baker, which indebtedness was secured by certificates for 2,422 shares of stock in the Humble Oil & Refining Co. At the time of adjudication these certificates were in the hands of Post and Flagg of New York, stockbrokers, as agents of the bankrupt. They had been issued in the names of various individuals and the certificates were endorsed in blank or attached to powers of attorney authorizing transfer. All had been delivered to the firm of Sterling and Baker.

On demand by the trustee the certificates were turned over to him and are in his possession. After the adjudication in bankruptcy and after the trustee had actual possession of the certificates, Humble Oil & Refining Co. filed a bill of interpleader in the 80th District Court of Harris County, Texas, joining as defendants the trustee and various individuals who are record holders of 1,664 shares of stock on its books. These shares are represented by certificates held by the trustee.

The bill of interpleader sought to make a distinction between the stock as an interest in the corporation and the stock certificates and alleged the danger of double liability resulting therefrom. It is admitted the corporation is not in possession of the certificates and attempted to deposit the stock, as distinguished therefrom, alleged its liability for the payment of dividends on the stock as they might accrue and offered to do equity.

In No. 9077 the appeal is by some 17 individuals claiming the ownership of various shares of the stock and in No. 9081 the Humble Oil & Refining Co. alone appeals.

It may be conceded that the true owner of stock in a corporation may have superior title to the holder of the stock certificate for various reasons. Nevertheless a stock certificate endorsed in blank or attached to a power of attorney authorizing its transfer, is prima facie evidence of ownership of the stock until adverse title is proven.

Anyone having an equity in the stock in the hands of the trustee may have his rights determined in the bankruptcy proceedings as well as in the state court. Courts of bankruptcy have exclusive jurisdiction over the assets of the bankrupt in possession of the court. They may yield jurisdiction to a state court on the grounds of comity but they are not bound to do so as they are courts of superior and not co-ordinate jurisdiction. It is readily apparent that the rights of all parties may be more conveniently adjudicated in the bankruptcy court and Humble Oil & Refining Co. will be fully protected.

There is no doubt the District Court as a Court of Bankruptcy had juris-

772

diction and authority to enjoin the prosecution of the suit in the state court and an orderly administration of the bankrupt's affairs required that that be done. Direction Der Disconto-Gesellschaft v. U. S. Steel Co., 267 U.S. 22, 45 S.Ct, 207, 69 L. Ed. 495; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Ex Parte Baldwin, 291 U.S. 610, 54 S.Ct, 551, 78 L.Ed. 1020; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599.

On both appeals the judgment is affirmed.