**120 So.2d 485**

**Mrs. Sybil Laura Hingle AZAR**

**v.**

**Alexander James AZAR, Sr., et al.**

**No. 44127.**

April 25, 1960.

Rehearing Denied May 31, 1960.

Henican, James & Cleveland, Murray F. Cleveland, Helene M. Walker, New Orleans, for plaintiff-appellant.

Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, William A. Glennon, Jr., New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiff, Mrs. Sybil Laura Hingle Azar, is appealing from the lower court's judgment dismissing, as in case of nonsuit, her suit to have set aside a dation en paiement and transfer of immovable property,[1] dated June 17, 1957, executed by her husband, Alexander J. Azar, Jr., in favor of his father, Alexander J. Azar, Sr., both made defendants herein. According to the allegations of the petition, the above property was acquired during the community existing between the plaintiff and her husband, they having occupied the lower apartment of the duplex building as the family domicile until the first days of June, 1957, when she was forced by the actions of her husband to take their two infant children and depart, in fear for their safety; that although she had intended to return when conditions permitted, her husband's attitude made this impossible, and on June 19, 1957, he instituted suit for separation from bed and board on grounds of abandonment, to which she filed an answer and reconventional demand for separation on the ground of cruelty; meanwhile, however, by Act dated June 4, 1957 and recorded on June 11, 1957, she had executed a statutory declaration of family home in conformity with the provisions of R.S. 9:2801 et seq.,[2] designating the said property. The plaintiff further alleges that while the said dation en paiement (recorded on the date of its execution, i. e., June 17, 1957) recites as consideration the sum of $80,000, said to be owed by Alexander Azar, Jr., to his father, there was in fact no indebtedness whatsoever to the father and the said purported transfer and dation en paiement was a fictitious, fraudulent transfer, a simulation designed to deprive plaintiff of her undivided half interest in the said community property. She therefore sought judgment declaring the instrument to the null, void and

1. The said property is located in the City of New Orleans and bears municipal numbers 3608–10 Canal Boulevard.

2. The sections pertinent here declare that when there has been recorded in the Conveyance Records of the Parish the authentic declaration of the owner of a parcel of land therein situated that he is a married man and designates the property as the family home, the said property may not thereafter be validly sold or mortgaged during the marriage by the husband except with the express consent of his wife (R.S. 9:2801); and that if the husband neglects for a period of six months after the acquisition of the home to file and record the above declaration, his wife who is living with him may make and record the same (R.S. 9:2802).

of no effect, and ordering that the inscription thereof be cancelled and erased. The defendants denied that the community existing between plaintiff and her husband acquired the property, averring that $80,000 was advanced by the father to his son for the purpose of purchasing the property and constructing the improvements, and that the son was obligated to reimburse his father for that sum—hence the sale.

Following submission on the merits the trial Judge, noting the pendency of the suit for separation as well as the fact that it had not been tried, and observing that no judgment of separation from bed and board had been rendered, ruled that the wife has no right to bring an action with reference to community property where there has been no dissolution of the community, and dismissed her suit as noted above. As authority the Judge cited Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12.

3. Art. 2404, La.Civil Code, declares in part: "The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.
"He can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or a quota of the movables unless it be for the establishment of the children of the marriage. * * * " See Simon v. Meaux, 143 La..760, 79 So. 330; Cotton v. Cotton, 34 La.Ann. 858; 22 Tulane L.Review 650, 651.

In Louisiana, according to the express provisions of our Revised Civil Code, during the existence of the community between the spouses the husband is head and master and has complete managerial control of community property—except in certain instances as specifically limited; he does not need his wife's consent to alienate the immovable effects by onerous title or to sell or give away particular community movables;[3] and while the jurisprudence is settled that the wife's half interest in the community property is not a mere expectancy during the marriage nor transmitted to her inconsequence of a dissolution of the community, but that title thereto is vested in the wife from the moment it is acquired by the community or by the spouses jointly, nevertheless her interest is subject to the husband's management and control as long as the marital community remains undissolved,[4] subject only to checks and limitations not here pertinent.[5] The Civil Code

4. Phillips v. Phillips, 160 La. 813, 107 So. 584 (containing an exposition of prior jurisprudence and discounting, as contrary to the provisions of the Civil Code, certain loose expressions which had arisen because of a faulty translation from the Spanish); Green v. W. G. Ragley Lumber Co., 154 La. 965, 98 So. 544; see Arts. 2399, 2402, 2404, 2406, La.Civil Code; Succession of Wiener, 203 La. 649, 14 So.2d 475; Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18; Succession of Helis, 226 La. 133, 75 So.2d 221; Messersmith v. Messersmith, 229 La. 495, 86 So. 2d 169; Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12.
5. See Succession of Wiener, supra, 203 La. 649, at page 667, 14 So.2d 475.

likewise provides the manner in which a dissolution of the community of acquets and gains is brought about, i. e., by dissolution of the marriage itself through death, divorce or annulment;[6] and during the marriage, by the wife's action for separation of property,[7] by a judgment of separation from bed and board obtained by either spouse,[8] or as the result of an action which either spouse may bring if the other member of the community is an absentee.[9]

 Counsel for plaintiff-appellant, not seeking to dispute the legal principles stated above, contends that the rule of the Thigpen case is not authority for the result reached by the Court below;[10] that the Trial Judge erroneously interpreted the principle of a wife's lack of authority to question the husband's management of the community property as precluding an attack by her on his simulated transfer of said property, and he relies on the fourth paragraph of Article 2404 of the Louisiana Civil Code[11] and the cases of Van Asselberg v. Van Asselberg, 164 La. 553, 114 So. 155; Lockhart v. Dickey, 161 La. 282, 108 So.

483; and Belden v. Hanlon, 32 La.Ann. 85. Counsel argues that in the instant case and in the absence of this quickly-filed suit, the wife's community interest in the property could have been lost to a third party purchasing in good faith from Alexander Azar, Sr., and that the plaintiff would have been relegated to a personal claim possibly worth nothing.

Counsel's contentions and arguments do not impress us. In the case of Thigpen v. Thigpen, supra, this Court extended the provisions of the fourth paragraph of Article 2404 of the Civil Code (see footnote 11) so as to permit the defrauded wife to maintain suit against the husband himself (rather than only against his heirs) for a sale of immovable community property made by him *prior* to institution of a suit for separation, observing that a right to proceed, but restricted to the heirs of the husband, was based on the outmoded concept that the wife has no rights in the community until the death of her husband. It is of the essence, however, that in the Thigpen case a decree of separation from bed and board

---

6. Arts. 136, 2406, La.Civil Code.
7. Arts. 2425 et seq., La.Civil Code.
8. Arts. 123, 155, La.Civil Code.
9. Art. 64, La.Civil Code.
10. Counsel states the "actual holding" of the Thigpen case to be that "where there is a *simulated* sale the wife *can* have it set aside, but where there is *real consideration* the wife cannot set aside the sale, being limited to an action for *damages* on account of the fraud perpetrated on her by her husband."

11. " * * * But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud." (Fourth paragraph, Art. 2404, La.Civil Code.)

had effected a dissolution of the community prior to filing of suit by the wife. Similarly, in the Van Asselberg case, supra, coupled with the wife's action for separation from bed and board was a demand to set aside a sale made by the husband before suit was filed on the ground that it was in fraud of her community rights; and in Belden v. Hanlon, supra, where the wife's attack by third opposition was maintained with respect to foreclosure of a mortgage placed on community property by her husband in a simulated transaction for the purpose of depriving the wife of her community interest, it appears that two days after the mortgage was executed, the wife instituted suit for separation, and a judgment therein had dissolved the community and awarded to the wife her share before institution of the foreclosure proceedings which she was permitted to oppose. The remaining case, Lockhart v. Dickey, supra, is not in any way pertinent here; the community had been dissolved by the death of the husband prior to institution of the widow's suit to have set aside as a fraudulent simulation certain homestead stock purchased by him in the name of another. It is therefore evident that counsel has signally failed to point to an instance where the wife, not separated in community, has been allowed to proceed against her husband to have set aside a sale of community property as in fraud of her rights. This is not to say, however, that she is without a remedy, and even though there be no action filed which would result in dissolution of the community, the suit for separation of property is always available to her in such cases.[12]

Nor are we disposed to view with concern counsel's argument that the wife might well have lost her community interest to a third party who purchased in good faith from Alexander Azar, Sr. Under the facts of this case, with a designation of family home of record some six days before passage of the act of transfer, the plaintiff's interests were fully protected.

For the reasons assigned, the judgment appealed from is affirmed.

---

12. While the instant case was under advisement the defendants filed exceptions of no right and no cause of action, in which they attack the instrument executed by plaintiff as a designation of family home on the ground that it does not satisfy the requirements of R.S. 9:2801 and is invalid because of certain facts said to have been established by the evidence; these factual statements are denied by a "Memorandum in Response" filed by plaintiff. In view of our conclusion that the plaintiff was without right to maintain the instant suit, no comment need be made concerning these exceptions.