James S. Brown, J.
Petitioner is a California resident. When he died testator was a resident of Florida. His will was probated there and letters testamentary issued to respondents. Petitioner seeks the issuance of ancillary letters testamentary in Kings County alleging, as a basis of jurisdiction, that testator left personal property within this county consisting of all the issued and outstanding stock of a named New York corporation whose principal office and only place of business is in this county. Petitioner further alleges that in 1948 he lent testator certain moneys and testator gave him a promissory note payable on demand in Brooklyn, New York, no part of which has been paid. At the time of the making of that note testator was a resident of Brooklyn and president of the said corporation. On January 1, 1951 testator left New York and became a domiciliary of Florida, and continued to reside there until he died there on December 24, 1963. Petitioner demanded payment from the executors in Florida on February 21,1964. Payment was refused on August 31, 1964 on the basis that the loan was barred by the Florida Statute of Limitations.
It is admitted that petitioner not only filed the claim but commenced a proceeding in the Court of Record, Broward County, Florida, to recover on the alleged note and that such proceeding *68 is now pending in Florida. The executors allege that testator’s estate consists of sufficient assets to pay all lawful debts and funeral expenses and that does not seem to be disputed.
Petitioner’s position is that the note was made in Brooklyn, payable in Brooklyn when both petitioner and testator were residents of Brooklyn. He states: “ It appears that the foreign executor’s defense in Florida to the petitioner’s claim presented in that state is well taken. The Florida statute provides that an action * * * must be commenced within five years. * * * Since it appears that the petitioner will not have his day in the Florida courts on the merits of his claim, and that he may have such day in court in New York, the state whose law is controlling, it appears only fair and just that ancillary letters issue ”.
The only basis for the exercise of jurisdiction over estates is found in the Surrogate’s Court Act. Subdivision 3 of section 45 thereof gives Surrogate’s Courts jurisdiction where “the decedent, not being a resident of the state, died without the state, leaving personal property within that county ”. Petitioner correctly asserts that testator has property in this jurisdiction based on his ownership of shares in a New York corporation. Matter of Fitch (160 N. Y. 87) determined that the Surrogate’s Court had power to issue ancillary letters of administration upon an estate where shares of a New York corporation were held by a nonresident who died without this State and the certificates passed into the possession of the executor in Connecticut. The ‘‘ stockholder has an undivided interest in the surplus of assets over liabilities which is ordinarily represented by certificates. His property, however, consists of his interest in such surplus, and these certificates for ordinary purposes represent but do not constitute his interest.” (Holmes v. Camp, 219 N. Y. 359, 368.) “It is, of course, true, as a legal concept, that a stock certificate is but an evidence of title to the property right which its owner has in the corporate stock. Important practical results may flow from a distinction between the two things. Nevertheless, ‘ certificates of stock are treated by business men as property for all practical purposes. ’ (Lockwood v. United States Steel Corp., 209 N. Y. 375, 382.)” (Pierpoint v. Hoyt, 260 N. Y. 26, 28-29.) “They are sold in the market and they are transferred as collateral security for loans, and they are used in various ways as property. They pass by delivery from hand to hand and they are the subject of larceny.” (Simpson v. Jersey City Contr. Co., 165 N. Y. 193, 198.) And, it may be added, they are ordinarily treated by executors as property under administration.
*69 Testator’s interest in the New York corporation appears to he under administration by the executors through their possession in Florida of the stock certificates. The executors would have no right to intrude into the affairs of the corporation itself since its management is the duty and prerogative of its officers and directors. The function of executors customarily does not include meddling in the business of a corporation; their duties are usually discharged by administering the certificates representing the shares of the corporation. No one can get the benefits of ownership except through and by means of the paper which evidences intangible property. (Disconto-Gesellschaft v. United States Steel Corp., 267 U. S. 22, 28; Hutchison v. Ross, 262 N. Y. 381, 390.)
But, of course, as pointed out in Matter of Fitch (160 N. Y. 87, supra) the underlying interest of the stockholder in the equity of the corporation may, in rare instances, be sufficient to justify issuance of ancillary letters. The court remarked (p. 92) : “ Under the third subdivision [of section 45 of the Surrogate’s Court Act quoted above] the Surrogate’s Court seldom takes jurisdiction, and never does it do so unless the best interests of the estate and that of the parties interested therein will be sub-served by its exercise of the jurisdiction which the statute plainly attempts to confer ”. And, after examining our statutes relating to ancillary administration, Chief Judge Crane, in Matter of Cornell (267 N. Y. 456, 465) reached the conclusion that “ the only interest which the State of New York has in issuing ancillary letters testamentary is to protect our own creditors or the State tax. Beyond this, the executor will account for the assets in the place of his domicile.”
Matter of Riggle (11 N Y 2d 73) held that ancillary administration would be granted when it was the obligation of a foreign insurance carrier to defend decedent, an Illinois resident. The insurance policy had been issued in New York and the injured party was a New York resident. The court (pp. 78-79) took the trouble to make clear that New York State should not “be allowed to become an asylum in which to bring actions in which our citizens are not interested, merely for the reason that our statute authorizing actions for causing the death of another may be more favorable to such claims than the statutes of some other States.” Petitioner asserts that the reason he seeks ancillary letters is that our Statute of Limitations is more favorable than that of Florida whose jurisdiction he first invoked and where the matter is now at issue. There is no more reason for burdening our courts with suits of noncitizens because of a more favorable *70 Statute of Limitations than there is burdening them because of more favorable statutes for causing the death of another.
With the widespread distribution of corporate stock in. this country, it “ would be a singular proposition to hold, that administration could be taken out in every foreign jurisdiction ” where a stockholder might be a shareholder in a corporation there domiciled (see Sedgwick v. Ashburner, 1 Bradf. 105, 108; Matter of McCabe, 84 App. Div. 145, 149, affd. 177 N. Y. 584) so as to afford nonresident creditors procedural advantage. Under the circumstances appearing here, even if ancillary letters were issued, it would be the proper exercise of discretion to refuse to pass upon this claim since it is at issue in the courts of a sister State which has primary jurisdiction over the estate of the testator. (Matter of Meyer, 244 N. Y. 598.)
There are no assets in this jurisdiction which ancillary executors would be properly required to reduce to possession and to transmit to the domiciliary jurisdiction. The parties to petitioner’s claim are nonresidents; the estate is administered in another jurisdiction where the matter is at issue, and neither any citizen of this State nor the State itself has an interest in the litigation.
Petitioner’s claim matured over 15 years ago. During testator’s lifetime no action was brought to enforce it, either in this jurisdiction or in the jurisdiction of testator’s domicile. There is no assertion that testator secreted himself or made himself immune to the service of process. “ Neither, convenience nor practical considerations are served by permitting the action to be prosecuted in the courts of this State ” (Glendon v. Glendon, 24 A D 2d 492), and no facts are alleged which warrant the favorable exercise of discretion in petitioner’s favor. The petition is dismissed.